### JACOB M. CURRIER *vs.* PETER HODGDON, jr.

*H.* gave to *G.* a note, payable in specific articles. *G.* sold the note to *C.*, to whom *H.* promised to pay the contents, when it should become payable.—It was held, that *C.* might maintain an action on the said promise.

ASSUMPSIT. The plaintiff alleged, in his declaration, that the defendant gave to *O. Gove* a promise in writing, as follows : " For value received, I promise to pay *O. Gove* or his " order, $30 worth of neat stock, within six months. May " 20, 1822 ;" that *Gove*, for a valuable consideration, ordered the contents to be paid to the plaintiff ; and, before the day of payment, notice of the transfer was given to the defendant, who promised to deliver the stock to the plaintiff at the time specified in the original contract.

The cause was tried here at February term, 1824, upon the general issue ; when it was admitted, that the defendant, for a valuable consideration, made the promise to *Gove*, as alleged ; and it appeared, that the interest in the said promise had been assigned, for a valuable consideration, by *Gove*, to the plaintiff, and that before the day of payment, *Gove* and the plaintiff informed the defendant of the said assignment, and shewed him the same on the back of the original contract ; and that the defendant thereupon promised the plaintiff to pay the same stock to the plaintiff, according to the tenor of said note.

A verdict was taken for the plaintiff, subject to the opinion of the court upon the foregoing case.

*Christie*, for the plaintiff.

*James Bartlett*, for the defendant.

*By the court.*—The original contract having in this case been duly assigned to the plaintiff, an equitable interest became vested in him, which would, in case of any breach of the contract, have entitled him to maintain an action in *Gove's* name ; and it is settled, that such an equitable interest is a sufficient consideration to sustain an express promise. 10 *Mass. Rep.* 316, *Crocker vs. Whitney.*—12 *ditto* 281, *Mowry vs. Todd.*—14 *John.* 378, *Doty vs. Wilson.*—*Cowper* 290, *Hawes vs. Saunders.*—6 *Mass. Rep.* 42.—2 *W. Black.* 1269, *Fenner vs. Meares.*

We are therefore of opinion, that the plaintiff is entitled to

*Judgment on the verdict.*