## THE TOWN OF BARRINGTON *vs.* THE TOWN OF GILMANTON.

A person, sent into a town under indentures to learn the art of husbandry, is a person " sent for education," within the meaning of the proviso, in the 7th section of the statute of February 15, 1791.

This was an action of assumpsit, for the support of a pauper, alleged to be settled in the town of Gilmanton.

The cause was tried here upon the general issue, at September term, 1823 ; and the only matter in dispute, between the parties, was, whether the pauper was settled in Gilmanton. It appeared, in evidence, that, in 1792, the pauper, being then of the age of fourteen years, was, by indentures, made between the *overseers of the poor* of the town of Portsmouth and *Joseph Badger* of Gilmanton, placed as apprentice with said *Badger*, to learn the art of husbandry ; and that he continued to reside with the said *Badger*, in Gilmanton, from the year 1792 until 1799, under said indentures, without being warned to depart from said Gilmanton.

A verdict was taken, by consent, for the plaintiffs, subject to the opinion of the court, whether the residence of the pau-

Barrington
*vs.*
Gilmanton.

per in Gilmanton, under the circumstances, gave him a settlement there.

*Woodman* and *Mason*, for the plaintiff.

*Ham*, for the defendant.

RICHARDSON, C. J. delivered the opinion of the court.

The statute of February 15, 1791, *sec.* 7, enacted, that " every person, who hath lived one year in any town, or " place, shall be deemed an inhabitant of such town, or " place, unless sometime within such year, &c. such person " shall have been by warrant, &c. warned to depart from " such town, or place, &c. provided, that nothing, in this " section contained, shall be construed to extend to persons " committed, or lawfully restrained in any town, or to such " as shall be sent for education," &c. 1 *N. H. Laws* 356.

The question in this case is, whether a person sent into a town, under indentures, to learn the art of husbandry, is a person sent for education, within the meaning of the above proviso ?

In the case of *Burlington vs. Reading*, Middlesex, October term, 1806, *Parsons*, C. J. said, it had always been held in Massachusetts, that persons, sent into a town to learn a trade, were persons sent for education, within the intent of the proviso to their provincial act of 4 *W. & M. cap.* 15, *sec.* 9, the language of which is the same with that of the proviso in our statute above mentioned. We have no doubt, that the same opinion has always been entertained here, where the person was sent under indentures. 1 *N. H. Rep.* 260, *Bow vs. Nottingham.—Ditto* 264, *Hancock vs. Hampstead.* And this construction of the proviso is in itself so reasonable, that we have no hesitation in adopting it, and are of opinion, that the pauper, in this case, must be considered as sent to Gilmanton for education, and that he gained no settlement by his residence there. The verdict must therefore be set aside, and a nonsuit be entered.

*Plaintiffs nonsuit.*