## EZRA SANBORN vs. GEORGE LITTLE.

Where a note, not payable to order, was for a valuable consideration assigned to third persons, and an action brought for their benefit in the name of the payee, it was held, that the maker might set-off a debt due to him at the time of the assignment from the payee.

ASSUMPSIT upon a promissory note, dated October 2, 1823, for $42 56, payable to *Sanborn*, but not to his order, in ninety days with interest after, and made by *Little*.

The defendant filed as a set-off, a note made by the plaintiff, dated March 13, 1824, for $91 53, payable to the defendant, or order, on demand with interest.

The cause was referred to an auditor, who reported, that in October, 1823, the said note, given by the defendant to the plaintiff, was, for a valuable consideration, sold and delivered by the latter to three persons, for whose benefit this suit is brought; and that on the 1st November, 1823, notice was given to the defendant of the said sale of the note, to which he replied, that *Sanborn* was indebted to him. The auditor further reported, that at the time, when notice was given to the defendant as aforesaid, there was justly due to him from the plaintiff, on account, the sum of $89, 53, which was included in said note filed in set-off.

*Goodall*, for the plaintiff.

*J. Smith*, for the defendant.

RICHARDSON, C. J. It is now well settled, that the equitable interest of an assignee of a *chose in action* is to be protected by courts of law, against all interference of the original parties, after notice of the assignment. 1 *D. & E.* 619.—4 ditto 341.—14 *Mass. Rep.* 291, *Jenkins vs. Brewster.*—1 *B. & P.* 447, *Legh vs. Legh.*—3 *John.* 425, *Littlefield vs. Story.*—*Willes' Rep.* 261, *Hutchinson vs. Sturges.*—1 *John.* 531, note, *Wardell vs. Eden.*—5 ditto 193, *Eels vs. Finch.*—12 ditto 276, *Weston vs. Barker.*

But the interest of the assignee of a *chose in action* being merely equitable, he is to stand in the situation of the assignor, at the time of the assignment, and subject to every defence, which might then have been set up against the assignor. 12 *Mass. Rep.* 195, *Green vs. Hatch.*

Sanborn
*vs.*
Little

An individual may, however, where a *chose in action* against him has been assigned, so demean himself, as to preclude him from setting up, as a defence against the assignee, what might have been a good defence, as against the assignor. 16 *John.* 226, *Gould vs. Chase.*—19 *ditto* 49, *Henry vs. Brown.* —16 *Mass. Rep.* 397, *King vs. Fowler.*

In the case now before us it appears, that at the time of the assignment, the assignor was indebted to the defendant, of which the defendant gave notice, when he received notice of the assignment. Nothing can be clearer, than that the debt thus due is a proper set-off in this case. And the circumstance, that the said debt has been included in a note, made after the assignment, does not change the law or the equity of the case. There must be

*Judgment for the defendant.*