## JAMES M. WIGGIN *versus* MOSES DAMRELL.

The court will not grant a new trial on the ground that evidence was improperly admitted, if the fact, such evidence was introduced to prove, was virtually admitted by the party applying for a new trial.

Where a note not payable to order has been assigned to a third person for a valuable consideration and the maker has actually promised such third person to pay the contents; he is not to be permitted in an action upon the note against him in the name of the payee to avail himself of claims he may have against the payee as a set-off.

ASSUMPSIT upon a promisory note for $180 made April 6, 1824, and payable to the plaintiff, but not to his order, in four months and grace. The teste of the writ was November 13, 1824.

The cause was tried here at February Term, 1826, upon the general issue with a notice of set-off of several sums of money due from the plaintiff to the defendant by several promissory notes bearing date and becoming due previous to the note mentioned in the declaration, one of which for $360 was dated the 6th April, 1824.

The making of the note mentioned in the declaration was admitted, as was that also of the notes described in the notice of set-off. But on the part of the plaintiff it was stated, that the action was prosecuted in the name of the plaintiff for the use and benefit of one Sylvester Melcher. It was then proved that the note was assigned to the said Sylvester, and that notice of the assignment, in writing, was given to the defendant on the 27th May, 1824.

In order to shew that the assignment was for a valuable consideration the counsel for the plaintiff, among other evidence offered the deposition of a witness who stated that the plaintiff before his failure in trade applied to Melcher for the loan of $100, but the witness did not know whether he obtained the loan or not; but in about a week afterwards Wiggin came into Melcher's store where the

witness was a clerk, and told the witness that he had failed and desired him to tell Melcher not to be uneasy for that he, Wiggin, had secured him. To the admission of this testimony the defendant objected, but it was admitted.

The plaintiff also proved that soon after the note became due Melcher caused it to be presented to the defendant for payment and that he refused to pay it : whereupon the note was left with an attorney for collection. The defendant having notice of this called upon the attorney and promised to pay it in a few days. At that time nothing was said of costs by either party. In a few days afterwards the defendant called again and offered to pay the note if the costs were given up, which the attorney at that time claimed. At a subsequent interview he gave the attorney the history of the note and stated that it was given to be passed to Melcher, that the consideration was $100 lent by Melcher to Wiggin and an acceptance by Melcher of an order for $80 drawn on him by Wiggin in favour of J. B. W. and that he would pay the note in one fortnight. At this time nothing was said of costs.

The defendant gave in evidence a letter he had received from the plaintiff, of which the following is a copy :

*Portsmouth, Feb.* 14, 1826.

Sir—In answer to your enquiries in relation to the action now pending in the Superior Court, myself against you, commenced at February term, 1825 ; said action was commenced without my knowledge or consent and purports to be founded on a note dated April 6, 1824, and payable to me for $180, in four months and grace ; which note aforesaid was a business accommodation between us and was included in and to be void in consideration that a note of hand signed by me dated at Portsmouth on the 6th day of April 1824, for the sum of $360 payable to you or order at the office of discount and deposit of the Branch Bank of the United States at Portsmouth, in four months and grace, which last note aforesaid being paid to the Bank aforesaid by you and taken up was and is a

full and entire payment of the said hundred and eighty dollar note that I held against you according to our mutual understanding and agreement at that time both of the notes were given ; and recently after I stopt business being pressed hardly by Sylvester Melcher for a claim he held against me I left with him the note now in suit in order to appease him.    Yours with respect,

   Signed    JAMES M. WIGGIN.

Upon these facts a verdict was taken for the plaintiff, to be set-aside if the court should be of opinion that he was not entitled to it and a verdict entered for the defendant, or a new trial granted as the court might direct. And it was agreed that in case a verdict should be entered for the defendant, it should be for the amount of the notes mentioned in the set-off after deducting therefrom the amount of the note mentioned in the declaration of the plaintiff.

*J. Smith* and *Sullivan* for the defendant.

*E. Cutts*, for the plaintiff.

In *Master* v. *Miller*, 4 D. & E. 340, Buller J. says that for avoiding maintenance it was laid down in the old books that a chose in action was not assignable ; but the good sense of the rule was very questionable, and in early times, as well as in modern, it had been so explained away as to apply only to the form of the action in any case.    In 2 Rolle's Ab. 45 & 46, it is admitted that an obligation or other deed may be granted so that the writing passes ; but it is said that the grantee cannot sue for it in his own name.

The assignment is a good consideration for an express promise although it may not be sufficient to raise an implied one.

The assignment of a chose in action may be by parol, 4 D. & E. 690, *Howell* v. *M'Ivers* ; 4 Taunt. 326, *Heath* v. *Hall.*    The assignment of a note by delivery only is valid. 13 Mass. Reports, 153 ; 17 Johns. 284 ; 2 Greenl. 322 ; 1 Dane's Digest, 288.

A mortgage may be assigned by mere delivery without writing, 11 Johns. 534.

The assignor cannot release the debt after assignment if the debtor has notice. 1 Bos. & Pul. 447, *Legh* v. *Legh* ; 4 D. & E. 340, *Master* v. *Miller.*

Payment to the assignor after notice of the assignment will be of no avail. 1 Johns. Rep. 531, *Wardell* v. *Eaton, in notis.*

The court will take notice of the assignment and protect the rights of the assignee. 3 Johns. Rep. 425 ; 4 Johns. Rep. 406.

Courts of law following the rules of equity take notice of assignments of choses in action, and exert themselves to afford them every support and protection consistent with established principles and modes of proceeding. They will not give effect to a release made by the assignor to the defendant in fraud of the assignee ; nor permit the assignor injuriously to interfere with any suit brought by the assignee to enforce the rights which passed under the assignment. 1 Wheaton, 233 ; 5 Wheaton, 283.

After notice to the debtor the assignment operates as a complete cession of the debt according to the civil law. 1 Wheaton, 237, *in notis.*

If the payee of a promissory note not negotiable put his name on the back thereof, intending thereby to transfer the same, he authorizes a suit upon the note in his own name. 16 Mass. Rep. 451, *Mosher* v. *Allen.*

The assignor of a chose in action who has become bankrupt may sue the debtor for the benefit of the assignee. 1 D. & E. 619, *Winch* v. *Keely.*

In this case Damrell gave the note for the express purpose of having it assigned. This in equity must be considered as a waver of all rights of set-off, and an acquiescence in the act of assignment. 16 Mass. Rep. 397, *King* v. *Fowler.*

And further, Damrell expressly promised to pay the note to the assignee. This, according to the doctrine in

*King* v. *Fowler*, amounts to a waiver of any set-off he might have.

An assignee may bring a suit in his own name, where there has been an express promise to pay to him. 3 N. H. Rep. 82, *Currier* v. *Hodgdon.*

An assignment of an obligation which in its form is not assignable in law imposes on the original undertaker, in case of notice, an equitable and moral obligation to pay its contents to the holder. This will not support an implied assumpsit so as to enable the holder to maintain an action in his own name, but it is a good consideration for an express promise. 10 Mass. Rep. 319, *Crocker & wife* v. *Whitney.*

In *Mowry* v. *Todd*, 12 Mass. Rep. 284, the chief justice in delivering the opinion of the court says, "if the defendant had not promised at all, the action must have been brought in the name of the assignee, and in that case the defendant could have availed himself by way of set-off, of what was legally and equitably due ; but his promise to pay amounts to a relinquishment of his right, or an acknowledgement that he had none.

A promise to pay the assignee of a chose in action entitles him to sue in his own name in assumpsit although the contract assigned be a specialty. 4 Cowen, 13.

When the party has not substantial justice on his side the court will not favor any action which he may bring ; but when justice is clearly with him they will if possible allow him to maintain the action he has brought because the only effect of the refusal would be to make him adopt another form of action. 1 H. Bl. 241, *Israel* v. *Douglas.*

Melcher the plaintiff in interest according to the doctrine laid down by this court in *Hodgdon* v. *Currier* might have sustained an action in his own name against Damrell, who would have been estopped as to his set-off, now pleaded. He is morally bound not to avail himself of the set-off.

In *Robins* v. *Baron*, 3 Greenl. 349, it is said by the court that there is an increasing liberality and disposition to protect the equitable rights of assignees of choses in action. And the same doctrine is laid down in *Vose* v. *Handy*, 2 Greenl. 322.

RICHARDSON C. J. One of the grounds on which the defendant rests his motion for a new trial is, that the deposition of Melcher's clerk was improperly admitted in evidence on the part of the plaintiff. The object of the deposition was to prove Wiggin's admissions that he was indebted to Melcher at the time Wiggin failed. This suit is in fact a contest between Damrell and Melcher, and Wiggin is only nominally a party. Wiggin's confession was one clearly against his interest and made before this suit was in the contemplation of any person, and if it is to be excluded, it must be by some technical rule of law. But under the particular circumstances of this case we do not think it necessary to enquire whether that deposition was properly admitted or not. For it now appears by the case stated that the defendant has virtually admitted the fact, which that deposition was intended to prove. He introduced a letter written just before the trial and evidently drawn up at his request for the purpose of being used upon the trial, in which Wiggin states that Melcher had a claim against him and that this note was left with Melcher on account of that claim. There is evidently a good understanding between Wiggin and Damrell. The letter shews that distinctly. And after putting into the case the letter, thus procured, and distinctly stating, that the note was delivered to Melcher on account of a debt, the defendant must be considered as having virtually admitted that there was a debt and is not now to be heard to say there was no debt. We are therefore of opinion that even if the deposition were improperly admitted it affords under the circumstances no ground for a new trial.

But the defendant relies upon another ground, which must be examined. He contends that the set-off ought

to have been allowed. In the case of *Sanborn* v. *Little*, at the last term in the county of Grafton where a note not payable to order was for a valuable consideration assigned to third persons and an action brought for their benefit in the name of the payee it was held that the maker might set off a debt due to him at the time of the assignment from the payee. And it is very clear that in this case the defendant is entitled to the benefit of the set-off, unless he has precluded himself from that advantage by his own acts.

The answer which is given to the set-off is that after this note was assigned for a valuable consideration to Melcher, the defendant expressly promised Melcher to pay him the amount of it. It is very clear that Melcher might have maintained an action in his own name on this promise. The point was expressly decided in *Currier* v. *Hodgdon*. In such an action it is clear that this set-off could not have been allowed; because the promise of the defendant after the assignment, made him directly the debtor of the assignee and he could no more avail himself of his demands against Wiggin as a set-off in such a case than he could if this note had been cancelled, a new note given in lieu of it directly to Melcher and an action brought on the new note in Melcher's name. The defendant is both in law and in equity the debtor of Melcher, and whether Melcher attempts to enforce his claim in his own name or in the name of Wiggin, neither the the law nor the equity of the case is altered and in neither case can this set off be allowed. Indeed if as the case states the defendant made this note originally for the purpose of enabling Wiggin to pass it to Melcher, this defence is hardly consistent with that good faith which ought to prevail among men.

*Judgment on the verdict.*