## OTIS ALBEE *versus* GEORGE LITTLE.

A note, not payable to order, made by A, and payble to B, at a future day, was transferred by B to C. C, before the note became due, gave notice to A of the transfer. A, when notified, only said shortly that he would see about that, but said nothing of any set off which he had against B. In a suit upon the note in the name of B, for the benefit of C, it was held that A was precluded from availing himself of any set off he might have against B.

ASSUMPSIT upon a note for $275, dated 1st December, 1826, made by the defendant, and payable to the plaintiff on the 1st January, 1828.

The defendant pleaded the general issue, and gave notice of a set off.

At the trial of the cause here at November term, 1829, it appeared that the note had been assigned by Albee, soon after its date, to one Amasa P. Niles, who, in January, 1827, assigned it to J. L. Bunce, for whose benefit this suit is brought, and that the defendant had notice of this assignment in March, 1827, and when notified, only said shortly, that he would see about that.

The defendant then offered to prove, that in December, 1826, in pursuance of an agreement between the plaintiff and the defendant, the plaintiff purchased of one Minot, a tract of land for $550, which was to be paid on the 1st January, 1828, and the payment of which sum to Minot he secured by a mortgage of the same tract of land. The plaintiff then conveyed to the defendant one undivided moiety of the same land, for which the note mentioned in the declaration was given. At the same time it was agreed, that in case the plaintiff should not discharge the said mortgage when this note became due, the defendant should pay the amount of this note to Minot, in part for the land. In January, 1828, the plaintiff, not having discharged the said mortgage, the defendant paid, in pursuance of said agreement, the sum of $150, to Minot's assignee, and afterwards paid to the same person a further sum of $100.

The court being of opinion that the defendant was not, under the circumstances of the case, entitled to avail himself of the sums paid to Minot's assignee, as an answer to this action, rejected the evidence, and the jury having returned a verdict in favor of the plaintiff, the defendant moved for a new trial, on the ground that the evidence had been improperly rejected.

*Goodall* and *Bell*, for the plaintiff.

*J. Smith*, for the defendant.

The assignee in this case rests his claims to recover upon eqitable principles, and the defendant stands upon the same ground. These parties had an undoubted right to make such a contract, as it appears they did make, in relation to this note; and one of the parties could not transfer his interest in the contract, so as to vary the terms of it as respects the other party, or impair the rights of the other party, as secured by the terms of the original contract.

If this position be tenable, this assignee has the same rights which Albee himself would have had, were he prosecuting this suit for his own benefit.

The defendant might have so conducted as to become chargeable at all events to the assignee. But no facts exist in this case which can make him so chargeable.

This case stands on the same ground, and is, in strict analogy, with the case of a note endorsed after it is discredited in law.

But we are met with the objection that the evidence we offer goes to set up a parol, in opposition to a written contract. It is a sufficient answer to say that the signer of the note may prove that there was no consideration in direct contradiction to the express admission of the note. If this may be done, *a fortiori*, he may show, that the consideration of the note was conditional.

The following cases were cited in the course of the argument. 3 N. H. Rep. 539 ; 4 Mass. Rep. 508 ; 10 ditto, 316 ; 11 ditto, 488 ; 12 ditto, 281 ; 13 ditto, 304 ; 3 Pick. 452 ; 5 ditto, 1, 312 ; 12 Mass. Rep. 481.

RICHARDSON, C. J. delivered the opinion of the court.

Albee
*v.*
Little.

There seems to be no objection to the evidence offered by the defendant, in this case, on the ground that it goes to contradict the note. The agreement between the parties was, that the defendant should give to the plaintiff a note not negotiable, payable on the 1st January, 1828, for an undivided half of the land, and that, if the plaintiff should not, by the time the said note became payable, discharge the mortgage which was upon the land, the defendant should be at liberty to pay, towards the discharge of the mortgage, the amount of this note, on the plaintiff's account. And the amount paid in pursuance of this agreement is now claimed to be allowed as a set off to the note. All this is consistent with the legal operation of the note, and with its express terms. 4 Starkie's Ev. 1047—1049 ; 5 D. & E. 381, *Milburn* v. *Ewart* ; 1 Starkie's N. P. C. 267, *Jeffrey* v. *Walton* ; 4 Mass. Rep. 414, *Dow* v. *Tuttle.*

And the money paid by the defendant, under the contract, seems to be a legal set off in this case, unless he has so conducted as to preclude him from this defence as against Bunce.

The answer to the set off is, that although the defendant had notice of the assignment of the note to Bunce nine months before it became due, he gave no notice of the agreement that existed between him and the plaintiff to Bunce, but kept that matter concealed. And we are of opinion that such a course must, under the circumstances, be considered as a waiver of the right to take advantage of this set off, and as an acquiescence in the assignment of the note to Bunce. 16 Mass. Rep. 397, *King* v. *Bowles* ; 3 N. H. Rep. 539, *Sanborn* v. *Little.*

*Judgment on the verdict.*