### FREDERICK A. FRANKLIN *versus* JOSEPH W. MARCH.

There is no particular form of words necessary to constitute a negotiable promissory note. An instrument in these words, " Oct. 19, 1830, Good to Robert Cochran, or order, for thirty dollars, borrowed money," is sufficient.

Where the endorsee of a promissory note, which was transferred after it had become payable, presented it to the maker for payment, who thereupon stated the existence of circumstances, that might have constituted a defence to it as between him and the payee, but said, further, that he supposed he should be obliged to pay it, and that he would pay it if the endorsee would delay the collection ; the endorsee having given the delay requested, the maker cannot afterwards be permitted to set up those circumstances as a defence, in a suit by the endorsee.

Assumpsit by the plaintiff as endorsee, upon an instrument, in these words, " Oct. 19, 1830.   Good to Robert Cochran, or order, for thirty dollars, borrowed money.

JOSEPH W. MARCH."

The case was submitted to the decision of the court, upon the following facts, reported by an auditor.

On the 19th October, 1830, the defendant sold and delivered to Cochran a quantity of hops, and on the same day received of Cochran the said sum of thirty dollars, in part payment for said hops, and thereupon gave Cochran the instrument in question.

On the 15th February, 1831, Cochran endorsed it to

the plaintiff, in part payment of a debt due from him to the plaintiff, who on the same day presented it to the defendant for payment. The defendant then stated to the plaintiff, that he did not know of Cochran's holding any negotiable note against him—that Cochran was then owing him—that he sold the hops to Cochran, as before stated, and received the said thirty dollars in part payment, and had supposed, until it was then shown to him, that the memorandum he gave was in the common form of a receipt ; but that he now supposed it was negotiable, and he should be obliged to pay it, and that he would pay it if the plaintiff would wait a month, or so.

The plaintiff waited several months, and then commenced this suit,

Cochran was indebted to the defendant, upon account, at the time when the instrument was made, and continues to be so indebted.

*Hackett*, for the plaintiff.

*E. Cutts*, for the defendant.

PARKER J.—The instrument declared upon in this case is not in the usual form of a promissory note, but no particular form of words seems to be necessary to give it that character. Bayley, on Bills, 3 ; Chitty, on Bills, 53, Selwyn's N. P. 395, *Casborne* v. *Dutton* ; L'd Raym. 1396, *Morris* v. *Lee* ; Strange, 629, *S. C* ; ditto, 706, *Chadwick* v. *Allen* ; 9 Johns. 217, *Goshen Turnpike* v. *Hurtin* ; 2 Cowen, 536, *Russell* v. *Whipple* ; 7 Cowen, 337, *Mitchell* v. *Culver.*

It has repeatedly been held that the words " value received," though usually inserted, are not essential. 3 Kent's Com. 50 ; Strange, 264, *Poplewell* v. *Willson* ; Ld. Raym. 1481, *M'Leod* v. *Snee* ; ditto, 1556, *Emery* v. *Bartlett* ; Bayley, 24 ; Sel. N. P. 336.

The note in this case shows that it is founded upon a sufficient consideration, it purporting, on its face, to have been given for money borrowed ; and " good to R. C., or order," is equivalent to a promise to pay R. C., or order.

The counsel for the defendant has not contended, in the argument, that this is not a negotiable promissory note ; but denies the right of the plaintiff to recover, because the note was endorsed long after it was payable ; and contends that the circumstances, as between Cochran and the defendant, at the time, and before the endorsement, were such, that he could have successfully defended against Cochran in an action on the note, and that he is entitled to make the same defence against the plaintiff, who took it after it was to be considered as a discredited note.

The facts will support the position, that the plaintiff took the note under such circumstances as to put him upon an enquiry relative to its validity ; and if the case had rested here, it might have been necessary to consider how far the facts stated would constitute a sufficient defence, as against the payee.   But we do not find it necessary to examine that part of the case.

The plaintiff having taken the note, presented it the same day to the defendant for payment ; and if the defendant had then refused to pay it, the plaintiff might perhaps have obtained the amount of Cochran in some other way.

But instead of this, the defendant told the plaintiff, that if he would wait a month or so, he would pay the note : and the plaintiff has fully complied on his part, as he waited several months before commencing this suit.   In this time the circumstances of Cochran may have materially changed, and the security of the plaintiff may depend upon a recovery in this case.

*Wiggin* v. *Damrell*, 4 N. H. Rep. 69, and *Albe* v. *Little*, 5 ditto, 277, are direct authorities for the plaintiff, unless the other circumstances, attending the transaction between the plaintiff and the defendant, distinguish this case, in principle, from those.

The case finds that the defendant, at the time the note was presented to him, stated, that he had not supposed

this was a promissory note—that he understood, when he signed it that it was a receipt—and that he had claims against Cochran.

But, after stating all this, the defendant closed by a promise that he would pay, notwithstanding these facts. Upon this the plaintiff relied, and the case stands therefore as if those facts had not been stated. Any defence, which those facts might have constituted, was waived, when the defendent said he would pay, notwithstanding, and he cannot now be permitted to set them up in bar of the plaintiff's recovery.

*Judgment for the plaintiff.*