## EDSON *v.* FULLER.

22 183
67 367

A valid acceptance of an order or bill of exchange, may be by parol.

*Semble*, that a parol promise to accept a non-existing bill, will not amount to an acceptance.

A parol promise by the drawee *to pay* an existing bill or order, is an acceptance·

F. executed to C. his promise in writing as follows; "For value received, I promise to pay C. eleven dollars in six months, and interest after date;" and C. afterwards drew his order upon the back of it, as follows; "Sold the within note to E., and I warrant and guarantee the amount of $10 due, and F. will please pay the amount to E." Afterwards, E. called on F., and asked him for the money due on the note, and F. said he had paid away all the money he had, that morning, and could not pay it then, and E. then handed the note to F. and requested him to put it in another shape, and F. took it, and said he should have the money in a few days, and would then "settle it," and handed

the note back to E. *Held*, that the promise to "settle it," was equivalent to a promise to *pay* the note, and amounted to an acceptance of the order.

The acceptance of a bill or order is plenary proof of a due presentment for that purpose.

An assignment of a *chose in action*, vests in the assignee an equitable interest; and such equitable interest *constitutes* a sufficient consideration to sustain an express promise.

APPEAL, from the judgment of a magistrate.

The action was assumpsit. The writ was dated December 25th, 1847, and contained two counts. The first set forth that the defendant executed his promissory note to one Osker Cleasby, on the 9th of April, 1847, and there afterwards, on the same day, the said Cleasby sold and delivered the note to the plaintiff, and drew his order in writing on the back of said note, &c., and requested the defendant to pay the amount due on said note to the plaintiff. And the plaintiff afterwards on the 20th of November, 1847, presented the note, with the order thereon, to the defendant for his acceptance and payment, and the defendant then and there accepted said order, and promised the plaintiff payment thereof.

The second count was for money had and received to the plaintiff's use.

The note declared on was as follows : " For value received I promise to pay Osker Cleasby, eleven dollars in six months, and interest after date.

" Littleton, April 9th, 1847.

                    (Signed)                     " THOMAS FULLER."

On the back of the note was the following indorsement. "Received forty cents on the within note." There was then this writing—" April 9, '47, sold the within note to S. A. Edson, and I warrant and guarantee the amount of $10.60 due, and Mr. Fuller will please pay the amount to S. A. Edson."

                    (Signed)                     OSKER CLEASBY.

It appeared in evidence, that some time in November, prior to the 20th, the plaintiff called upon the defendant, and asked him for the money on the note; that the defendant said he had paid away all the money he had, that morning, and could not

pay it then; that the plaintiff then handed the note to the defendant, and asked him to put it into another shape. The defendant took the note, and said he should have some money in a few days, and that it should not make any difference about the note, and he would then settle it, and handed the note back to the plaintiff.

A verdict was taken by consent, for the plaintiff, on which judgment was to be entered, or the verdict was to be set aside and judgment entered for the defendant, as the opinion of the court should be upon the case.

*Bingham,* for the plaintiff. By the rules of court, "the signatures and indorsements of all instruments declared on, will be considered as admitted at the first term, unless the defendant give notice upon the docket, within the first four days of the term, that they will be disputed, and file his affidavit, within that time, that the denial is not for the mere purpose of delay."

As no notice was given, nor affidavit furnished, the signatures to the note and order both stand admitted.

The order furnishes evidence of the sale from Cleasby to the plaintiff, if such evidence be necessary.

The case shows that the instrument was presented by the plaintiff to the defendant, and that the defendant made no objection to it; but said that he had not the money then, but should have it in a few days and that he then would settle it. The defendant was asked to put the note in another shape, (that is, into a note running directly to the plaintiff,) and took the note into his own hands and said it should make no difference, (that is, he would pay it in that form as soon as in any other.) This shows conclusively that the defendant was aware of the transfer of the note to the plaintiff, and for him to pretend ignorance upon that subject is to stultify himself; for he had the note, with the order upon it, in his own hands when he made the promise to the plaintiff.

We can see no reason why the defendant is not liable upon both counts in the writ.

As to the sufficiency of the promise, we hold that the defend-

16*

ant meant to be understood, when he said — "I will then *settle* the note," — that he would then *pay* the note, and that both the plaintiff and the defendant did so understand it; and, taken in connection with what else was said upon the occasion, we cannot conceive of any other possible construction to be given to it. When a man says he will *settle* a note outstanding against him, according to our understanding of the English language it is equivalent to saying that he will *pay* it.

*H. A. & W. J. Bellows,* for the defendant. The first count, being upon a bill of exchange, is not sustained, inasmuch as there is no proof of acceptance.

It was not even presented for acceptance, nor is there any evidence that the defendant was informed of the order or assignment. Whatever was said or done, had relation only to the note.

The note not being negotiable, the count for money had and received is not sustained.

And, besides, the plaintiff has failed to show a promise to pay him as assignee of the *chose in action.* It does not appear that the note was sold to the plaintiff at all. The execution of the order on the back was not proved; and if it was, it shows no sale. Then, there is no evidence of a promise by the defendant to pay the plaintiff the contents of the note. It does not even appear that the defendant had notice of the assignment; but all that is shown, is a promise "to settle" the note, and that, we hold, is not sufficient.

Woods, J. It is alleged, that the proofs offered in support of the declaration in this case, were insufficient for that purpose. It is contended that no presentment, or acceptance of the order of Cleasby to pay the note to the plaintiff, is shown.

We will first inquire whether there is sufficient proof of acceptance of the order; for if it was accepted, that would preclude all doubt of a sufficient presentment of it, for that purpose. For the acceptance would be plenary proof of a proper presentment. If an acceptance, which is the object of a presentment for acceptance, was effected, nothing more certainly could be requisite to show a sufficient presentment.

Does the proof reported show an acceptance? Whether it amounts to an acceptance or not, is a question of law, upon the facts found and reported. *Sproat* v. *Matthews*, 1 Term. Rep. 182.

The case finds a *parol promise to " settle" the note,* which the defendant was requested, in the order, to pay to the plaintiff. Was that a sufficient acceptance of the order?

A valid acceptance may be in writing on the bill itself, or on another paper, (*McEvers* v. *Mason*, 10 Johns. 207,) or it may be *verbal.* Chitty on Bills, 315. *Lumley* v. *Palmer*, 2 Strange, 1000, was an action against an acceptor of a bill, and the acceptance appeared to be by *parol* only. Lord *Hardwicke*, C. J., ruled it to be sufficient, being good at common law and not affected by the Statute 3 and 4 Ann, chap. 9, §§ 5, 8. A similar ruling was afterwards, on argument before the Court of Common Pleas, adopted and approved by the decision of that court. *Rex* v. *Maggott*, (7 Geo. II.) cited in Chitty on Bills, 316, note (b). In *Julian* v. *Shobrooke*, 2 Wilson, 9, Lord *Hardwicke's* decision before cited, is referred to and approved. And in *Powell* v. *Mounier*, 1 Atk. 613, Lord *Hardwicke* says, that " a promise by *parol*, to honor a bill, is an acceptance." In *Pillans* v. *Mierop*, 3 Burr. 1662, Mr. Justice *Wilmot* says, " an acceptance for the honor of the drawer shall bind the acceptor: so shall a *verbal* acceptance."

The same principal was expressly recognized in *Sproat* v. *Matthews*, 1 Term. Rep. 182. Mr. Justice *Willes*, in that case, says, " though formerly it was held necessary that an acceptance should be in writing, yet of late years a *parol* acceptance has been deemed sufficient."

In *Clarke* v. *Cock*, 4 East, 72, *Lawrence*, J., says, " It would have been much better doctrine, if it had been originally determined, that nothing else should amount to an acceptance, than a written acceptance on the bill itself. But it is now too late to revert to that, it having been determined by many cases, that an acceptance may be by *parol.*" *Le Blanc*, J., (in the same case,) says, "From Lord Hardwicke's time to the present, it has been understood, that a parol engagement to accept, is an acceptance."

In *Ward* v. *Allen*, 2 Met. 53, where a bill was read to the defendant and laid down before him, and he *said* it should be paid, it was holden to be a good acceptance.

Where a bill had been presented for acceptance, and it had been refused, and the bill had been returned, the promise of the drawee made to the indorsee, who had presented the bill, that, if he would obtain the bill he would pay it, was held to be a valid and binding acceptance. *Grant* v. *Shaw*, 16 Mass. 341.

In New York, before the revision of their statutes, it was well settled, that a parol acceptance of a bill already drawn was valid. *Ontario Bank* v. *Worthington*, 12 Wendell, 594. So, also, that a *promise* to accept a bill already drawn, was valid and binding, and amounted to an actual acceptance. *Bank of Michigan* v. *Ely*, 17 Wendell, 508.

It would seem, however, that a parol promise by a debtor to a creditor, to accept a non-existing bill, will not, in point of law, amount to an acceptance of the bill when drawn. *Johnson* v. *Collings*, 1 East, 98 ; *McEvers* v. *Mason*, 10 Johns. 207 ; *Ontario Bank* v. *Worthington*, 12 Wendell, 593 ; Chitty on Bills, 9th ed., 313, note, 1.

It would seem, also, to be well settled, that a promise *to pay* an existing bill by the drawee, *is an acceptance*, or, in law, amounts to an acceptance.

*Cox* v. *Coleman*, (6 Geo. II.) cited in Chitty on Bills, 316, note, was thus: a foreign bill drawn on the defendant, was protested for non-acceptance, and returned, and afterwards the defendant told the plaintiff, " if the bill comes back, I will *pay it*," and this was held to be a good acceptance.

In *Clarke* v. *Cock*, 4 East, 72, *Lawrence*, J., says, " what is an acceptance but an engagement to *pay* the bill when due ? "

In *Wynne* v. *Baikes*, 5 East, 514, Lord *Ellenborough*, C. J., delivered the opinion of the court. The action was by the indorsees of a bill against the drawees, charging them as acceptors. The language of the drawees, relied upon as an acceptance, was thus : " Our prospect of security on the Chesapeake is so much improved, that we shall *accept*, or certainly *pay* all the bills which have hitherto appeared." This bill had been presented,

and its acceptance refused.  Lord *Ellenborough* remarks thus upon the case : " The first question is, whether this promise is an acceptance.  *A promise to accept an existing bill is an acceptance.*  A promise *to pay* it, is also an acceptance.  A promise, therefore, to do one or the other, i. e., *to accept, or certainly pay*, cannot be less than an acceptance."

Mr. *Chitty*, (Chitty on Bills, 307,) says, " acceptance may be defined to be the act by which the drawee evinces his consent to comply with, and be bound by the request contained in the bill of exchange directed to him, or in other words, it is an engagement *to pay* the bill when due."

But does the evidence in this case show a promise on the part of the defendant *to pay* the order, or, what is the same thing, the amount of the note to the plaintiff?  Is the promise " to settle," equivalent to a promise *to pay ?*

*Franklin* v. *March*, 6 N. H. Rep. 364, was an action upon a promissory note.  The note declared on was as follows, namely, " Good to Robert Cochrane or order, for thirty dollars, borrowed money."  The court in that case said, that, " Good to R. C. or order, is equivalent to a promise *to pay* R. C. or order."  And the instrument declared on, was held to be a negotiable promissory note.

In *Morris* v. *Lee*, Ld. Raymond, 1396, the plaintiff declared as indorsee of a promissory note in these words : " I promise to account with I. S. or order, for fifty pounds, value received by me."

The court said, " there are no precise words necessary to be used in a note or bill.  By receiving the value, the defendant becomes a debtor, and when he promises to be accountable to A. or order, it is the same thing as a *promise to pay* A., and it would be an odd construction to expound the word *accountable, to give an account*, when there may be several indorsees."

In *Cashborne* v. *Dutton*, Selwyn's N. P., 363, cited in Chitty on Bills, 148, note a, the words of the instrument declared on were, " I do acknowledge myself to be indebted to A. in £ —, *to be paid* on demand, for value received."  On demurrer to the declaration, the court held that this was a good note within the

statute, the words "*to be paid*" amounting to *a promise to pay*, observing that the same words in a lease, would amount to a covenant to pay rent.

In *Clarke* v. *Cock*, already cited, *Lawrence*, J., in giving a construction to the language of a letter written by the drawee to the drawer of a bill, says, "The only question then, is, whether a letter in which he assures him that the bills *will meet with due honor* from him, the drawee, is not an engagement to pay the bills when due; of which there can be no doubt."

In the case before us, it appears that the defendant, after being requested first to pay the note, and then to put it into another shape, took the note, and said, he should have some money in a few days, and that it should make no difference about the note, and he would then settle it, and handed the note back to the plaintiff. The engagement of the defendant that he would "then settle it," we regard as equivalent to a direct promise to pay it. He could have intended nothing else. He was going to have the money in a few days, and "he would then settle" the note. It does not appear that any thing remained to be done in regard to the note but to pay the balance due upon it. There was no controversy about the amount, respecting which a settlement is shown to have been necessary, nor in regard to the plaintiff's title to the contents of the note. And the term "settle," used on the occasion, could have had no imaginable meaning or force, that occurs to us, unless it was intended as a promise to pay; and we think it clear that such must have been the intention, and understanding of the parties at the time. Upon the whole, we think it quite clear that the evidence reported shows a due presentment and acceptance of the order declared on, and that the allegations in these particulars are made out upon competent and sufficient proofs.

Here was a distinct and unequivocal parol promise to pay the the order, and that, upon the authorities, amounts to an acceptance, and an acceptance implies a sufficient presentment for that purpose.

Whether the verdict might not be sustained upon another ground presented by the case, it is not now necessary to determine.

If other grounds failed, it might deserve consideration, whether a due and sufficient assignment of the note to the plaintiff by Cleasby, and a sufficient promise on the part of the defendant to pay the same to him, are not alleged and proved, to entitle the plaintiff to a judgment on the verdict.

It is well settled, that an assignment of a *chose in action*, vests in the assignee an equitable interest, and that such equitable interest is a sufficient consideration to sustain an express promise. *Currier* v. *Hodgdon*, 3 N. H. Rep. 82; *Howes* v. *Saunders*, Cowper, 290; *Wiggin* v. *Damrall*, 4 N. H. Rep. 75; *Crocker* v. *Whitney*, 10 Mass. 316; *Morse* v. *Bellows*, 7 N. H. Rep. 561; *Skinner* v. *Somes*, 14 Mass. 107; *Fenner* v. *Mears*, 2 Wm. Black. 1269.

But we express no opinion upon this point, the verdict being well sustained, upon the view already considered.

*Judgment on the verdict.*