## THOMPSON *v.* EMERY & *a.*

The assignee of a chose in action takes it subject to all the legal defences that existed against it at the time of the assignment.

The assignment of a chose in action may be by parol.

The equitable interest of an assignee will be protected against all persons having notice of the assignment.

Ordinarily, the assignee of a chose in action cannot maintain a suit in his own name, and his rights must be enforced in the name of the assignor. But if the debtor make a promise to the assignee to pay the debt to him, the assignee may maintain an action in his own name.

If a debtor make a promise to the assignee of a chose in action to pay the debt to him, he cannot afterwards avail himself, in set off, of claims he may have against the assignor.

ASSUMPSIT, on a promissory note, dated December 1, 1848, by which the defendants·jointly and severally promised to pay the plaintiff, or order, the sum of $200, on the first day of January, 1851, with interest, annually. There was also a count for money had and received.

Plea, the general issue, with a set off.

It appeared in evidence that Samuel Simpson was the plaintiff in interest, and his son, Samuel M. Simpson was a witness for the plaintiff. Rice, one of the defendants, is dead.

Simpson testified that Thompson, the nominal plaintiff, owed his father two notes, amounting to $130, and that he was present in the month of November, 1848, when they were given. Thompson then said that he was going to let Simpson have, as security, a note which he was to have of Emery and Rice. In the same month the witness told this to Emery, and asked him if the note would be good, and he said it would, and that they should pay it when it became due.

In the month of January, 1849, he saw the defendant's note in his father's hand, and, subsequently told Rice that his father had one of their notes, describing it, and asked him if it would be good, and he said it would, and that they should pay it when it became due. In the same month he told Emery his father had the note, and he made a similar statement. Nothing was said about any set off.

In the month of April, 1849, Thompson absconded, and was then indebted to Simpson. Afterwards, the witness asked Emery, at his father's request, if Thompson's absconding would affect the note. He answered that it would not; that " they should have to pay the note any way."

Simpson afterwards sued Thompson, and attached a cow and some sheep, and told Emery of it, who said he was glad of it, because it lessened what he should have to pay. The property was sold, and brought about $30, which was applied on the note. After the note became due, the wit-

ness called on Emery for payment, but he did not pay it. He looked at the note and said, " it is not backed over by Thompson, and I shall not pay it."

Upon this evidence a verdict was taken, by consent, for the plaintiff, subject to the opinion of the court, upon which judgment is to be entered, or the verdict is to be set aside and judgment rendered for the defendants, according as this court may order.

*Flanders* and *Morrison*, for the defendants.

Where there are mutual debts or demands between the plaintiff and defendant, at the time of the commencement of the plaintiff's action, one debt or demand may be set off against the other. Com. Stat. 483.

Simpson, the plaintiff in interest, held the note as collateral security, and it was subject to all the equities between the original parties, more especially as it had never been indorsed.

The interest of an assignee of a chose in action being merely equitable, he is to stand in the situation of the assignor, at the time of the assignment, subject to every defence which might then have been set up against the assignor. *Sanborn* v. *Little*, 3 N. H. Rep. 539.

A debtor cannot, by assigning to his creditor a chose in action or a judgment, defeat a set off which exists against it. *Shapley* v. *Bellows*, 4 N. H. Rep. 352.

Where mutual demands exist between the parties, one of them cannot, by an assignment of his cause of action, defeat the right of the other to set off the judgment rendered thereon. *Hooper* v. *Brundage*, 9 Shepl. 460. The promise of the defendant was not made to Simpson, the plaintiff in interest, but to a third person, who had no interest in the matter; consequently, the defendant is not bound by it. Moreover, it amounted substantially to a promise to pay the debt of another, and should have been in writing.

*D. & D. J. Clark*, for the plaintiff.

We believe this case falls precisely within the principles and reason of *Wiggin* v. *Damrell*, 4 N. H. Rep. 69, and upon the authority of that case we rely for a decision in our favor.

EASTMAN, J.   The principles that govern the assignment of choses in action, and the rights that are acquired thereby, are believed to be generally well settled.

The assignee of a chose in action takes it subject to all ·the legal defences that could, at the time of the assignment, be set up against it in the hands of the assignor.   He acquires by the assignment the rights of the assignor, and nothing more.   Of course, we speak not of negotiable paper, indorsed and transferred before due.   *Sanborn* v. *Little*, 3 N. H. Rep. 539 ; *Green* v. *Hatch*, 12 Mass. Rep. 195.

The assignment of a chose in action may be by parol, and the delivery of a note or bill, upon a good consideration, is a sufficient assignment.   *Howell* v. *McIvers*, 4 D. & E. 690 ; *Heath* v. *Hall*, 4 Taun. 326 ; *Titcomb* v. *Thomas*, 5 Greenl. 282 ; *Clarke* v. *Rogers*, 2 Greenl. 147 ; *Jones* v. *Witter*, 13 Mass. Rep. 304 ; 17 Johns. 284.

Upon an assignment being made, it becomes the duty of the assignee to notify the debtor of the fact of the assignment, and upon that being done, all defence to the payment, beyond what existed at the time of the assignment, must arise out of transactions which subsequently take place between the assignee and the debtor.   The equitable interest of the assignee, where the assignment is *bona fide* and for a valuable consideration, will be protected against all persons having notice of the assignment.   *Jones* v. *Witter*, 13 Mass. Rep. 304 ; *Briggs* v. *Dorr*, 19 Johns. 95 ; *Master* v. *Miller*, 4 D. & E. 340 ; *Legh* v. *Legh*, 1 Bos. & Pul. 447 ; *Henry* v. *Milham*, 1 Greenl. 266 ; *Sanborn* v. *Little*, 3 N. H. Rep. 539.   See also *Duncklee* v. *The Greenfield Steam Mill Co.*, 3 Foster's Rep. 245, 250, and authorities cited.

Ordinarily, the assignee cannot maintain a suit in his own name, but his rights may be enforced in the name of the assignor. *Dix* v. *Cobb*, 4 Mass. Rep. 511; *Wheeler v. Wheeler*, 9 Cowen 34; *Woodbridge* v. *Perkins*, 3 Day 364; *Crocker* v. *Whitney*, 10 Mass. Rep. 316; *Winch* v. *Keely*, 1 D. & E. 619; *Currier* v. *Hodgdon*, 3 N. H. Rep. 83.

If, however, the debtor makes a promise to the assignee to pay the debt to him, the assignee may maintain an action in his own name; for the equitable interest obtained by the assignment is a sufficient consideration to sustain an express promise. *Currier* v. *Hodgdon*, 3 N. H. Rep. 82; *Edson* v. *Fuller*, 3 Foster's Rep. 191; *Crocker* v. *Whitney & Wife*, 10 Mass. Rep. 316; *Doty* v. *Wilson*, 14 Johns. 378; *Fenner* v. *Meares*, 2 W. Black. 1269; 4 Cowen 13; *Wiggin* v. *Damrell*, 4 N. H. Rep. 75.

And if such promise be made to the assignee to pay him, the debtor cannot avail himself, in set off, of claims he may have had, before and at the time of the assignment, against the assignor. Such promise amounts to a waiver of any set off he might have. *Wiggin* v. *Damrell*, 4 N. H. Rep. 69; *King* v. *Fowler*, 16 Mass. Rep. 397.

In *Wiggin* v. *Damrell* it was held that where a note not payable to order has been assigned to a third person for a valuable consideration, and the maker has actually promised such third person to pay the contents, he is not to be permitted, in an action upon the note against him in the name of the payee, to avail himself of claims he may have against the payee as a set off.

The note upon which this suit was instituted was dated December 1st, 1848, and fell due January 1st, 1851, more than two years after it was given. Soon after it was made it was put into the hands of Simpson, as security for a debt due from Thompson, the payee, to Simpson. The defendants were duly notified of the assignment, and made no suggestion of any defence to the note, or of the existence of any set off to be brought against it; but, on the contrary,

said that it was good, and that it would be paid when due. Other facts are disclosed in the case of the same import, and which are abundantly competent to show a promise to Simpson to pay him the note.

The only excuse given for not paying the note appears to be, because it was not indorsèd by Thompson. No suggestion of the existence of any set off was made, when the note was presented for payment, and none, upon the law as we have laid it down and upon the facts disclosed, could be allowed.

The suggestion of counsel that the promise was not made to Simpson, the plaintiff in interest, is not well founded. It was made to him through the witness, Simpson's agent. It was also the promise of the defendants to pay their own note, and not the debt of Thompson, and does not, therefore, come within the statute of frauds.

According to the provisions of the case there must be

*Judgment on the verdict.*