Kent, Ch. J.
delivered the opinion of the court, The defendants are charged as acceptors of a bill of exchange drawn on the 8th October, 1810, and sold to the plaintiff, and which bill being presented for acceptance, and also for payment, was refused. The evidence of the acceptance is said to exist in certain letters written before the bill was drawn by the defendants, to one Thomas Proctor, as their agent, and the letter on which the principal reliance is placed, bears date the 28th Janizary, 1809, in which they agree to allow to Proctor a commission upon all consignments of produce to them, and state that they advance in anticipation oa property, on the receipt of bills of lading and invoices,with orders to insure, from 2-Ms to 3-4ths the probable proceedsand that *216 he might confidently assure any shippers that them drafts under jjle above circumstances will meet honour.”
The bill in question was not purchased by the plaintiff upon the credit of this letter; for it does not appear that he had any notice or information concerning it, oí- any communication with Proctor. He took the bill on being informed that it was drawn on the recommendation of Proctor, founded on a shipment then made and consigned to the defendants. Nor does it appear- that the drawer of the bill made it on the credit of the letter, or that he had any knowledge of it. It was the shipment and consignment, and the recommendation of Proctor founded thereon, that gave him the confidence to draw. This case, then, does not come within any rule, as to anticipated acceptances of bills not m esse at the time, according to the'limitation of that rule as prescribed by Lord Mansfield, in Mason v. Hunt. (Doug. 297.) He there says, that “ there is no doubt but an agreement to accept may amount to an acceptance, and it may be couched in such words as to put a third .person in abetter condition than the drawer. If one man, to give credit to another, makes an absolute promise to pay his bill, the drawer, or any other person, may show such promise upon the exchange to get credit; and affhird person, who should advance his money upon it, would havehufhing to do with the equitable circumstances which might subsist between the drawer and acceptor.” Nor does the case come withinrae rule as laid down in Pierson v. Dunlop; (Cowp. 571.) for there Lord Mansfield admits “ that, as a general rule, the mere answer of a merchant to the drawer of a bill, saying he mill duly honour it, is no acceptance, unless accompanied with circumstances which may induce a third person to take the bill by endorsement, and then the circumstances may ■ amount to ail acceptance, though the answer be contained in a letter to the drawee.” (!*.**«*».t
Even to hold such a promise, under these circumstances, an. acceptance, was, according to Lord Kenyon’s opinion, carrying the doctrine of implied acceptances to the utmost verge of the law. But in this case there were no circumstances connected with the promise, that gave credit to the bill, and induced the plaintiff to it," because the promise was totally unknown to the plaintiff, and probably to the drawer. Every one will agree that an acceptance by a collateral paper may be good, and if that paper be shown to a third person so as to excite credit,, and to induce him to advance money on the bill, such third person ought not to sui *217 fer- by the confidence excited. Nor is this case analogous to that of M‘Kim v. Smith & Steene, (1 Hall’s L. J. 486.) for there the defendants had acknowledged such a sum in hand belonging to the drawer, and which they promised to hold subject to his order, and this written promise was produced and shown when the plaintiff,' by his agent, accepted of the draft, and it was accej upon the confidence created by the promise.
The plaintiff, then, is not entitled to recover, even admitting that a promise to accept a bill not in esse will, under certain circumstances, be, by relation and connexion, a legal acceptance of the bill drawn and presented. The case of Pillans & Rose v. Van Mierop & Hopkins, (3 Burr. 1663.) is a leading authority in favour of such an acceptance prospectively, for the suit there was by the drawers themselves against the defendants, as acceptors, and the acceptance was contained in a letter written before the date of the bill, promising to accept such a specified bill when drawn. But that decision was shaken by the case of Johnson v. Collins, (1 East, 98.) in which it was held that a parol promise by a debtor to a creditor, to accept a bill when drawn, was not an acceptance of the bill, when drawn; and in Clarke v. Cook, (4 East, 57.) the court were careful to confine the validity of a collateral promise in writing to accept, to the ease of an existing bill, and in that case, also, the endorsee took the bill after the purport of the letter had been made known to Mm. The cases of Powell v. Monnier, (1 Atk. 611.) and of Wynne v. Raikes, (5 East, 492.) were also cases of promises to accept bills already drawn.
If the party who makes such a promise does not, afterward accept, he ought to be answerable in damages for a breach of contract, to the person to whom the promise is made. This is the doctrine stated in Beawes’ Lex Mer. (429. pl. 112.) But such a promise is not assignable, and it seems to be a little diEcult to understand how the endorsee of a- bill subsequently drawn, can charge the drawee with acceptance by virtue of such a preceding promise, wMch is not, of itself,, assignable, and is strictly no part of the negotiable contract. The case of Pillans v. Van Mierop was between the original parties, and though some of the cases look strongly that way, we have met with no adjudged case, except it be that of M'Kim v. Smith, in which it has been decided that the endorsee can avail himself of such a previous promise, as amounting •to an acceptance under the law merchant, of a bill not then drawn.
*218 But it is unnecessary, nor do the court mean to give any opinion on this point, since, even assuming such a right of action in the en~ dorsee, he cannot recover under the circumstances of this cases for the bill was not taken upon the credit of any such promise~
Judgment for the defendants.