NEW-YORK, May, 1829.

Parker v. Greele.

---

## PARKER *vs.* GREELE.

THIS was an action of assumpsit against the defendant as the acceptor of a bill of exchange, tried at the Rensselaer circuit, in June, 1828, before the Hon. WILLIAM A. DUER, one of the circuit judges.

The action was for the non-payment of a bill of exchange for $2500, dated February 11, 1827, drawn by Daniel H. Stone on the defendant, and payable four months after date to the plaintiff or order. The plaintiff endorsed the bill at the request and for the accommodation of the drawer, on being shewn a letter from the defendant in these words : " New-York, 9th Febr'y, 1827. Mr. Danl. H. Stone, Troy, Dear Sir : I have received 42 bundles medium as you mentioned. The imperial, I think, will sell readily. I have no objections to accepting for you at 3 and 4 mo's. for person who makes the promise. A promise in these words, " I have no objections to accepting for you at 3 and 4 months for $2500, on the terms you propose," contained in a letter, is an *absolute* and not a conditional engagement ; and such a promise authorises a draft for the *whole sum* at *four* months, the longest period specified.

A promise to accept a bill thereafter to be drawn, specifying the amount and time of payment, so as to leave no reasonable doubt as to the identity of the bill intended to be accepted, is, if shewn to a third person, who, on the faith of such promise, takes the bill for a valuable consideration, in point of law, *an acceptance,* binding the

$2500, on the terms you propose. I hope our navigation will be free by 15th or 20th instant. Yr. ob. serv't. A. Greele." The bill endorsed by the plaintiff was discounted at the Farmer's Bank, Troy, on the 15th February, 1827, for the accommodation of the drawer, and the amount passed to his credit. The bill, within a day or two after being discounted, was sent to New-York to obtain the acceptance of the defendant upon the same, which he refused. It was noted for non-acceptance, and when due, for non-payment. Plaintiff paid the bill at the bank, who had no interest in it. The cashier of the bank and a teller in that institution both testified that the bill was discounted at the bank on the faith of the defendant's letter, and would not have been discounted but for the letter. The testimony of these witnesses was objected to as *res inter alios acta*, but admitted.

The plaintiff having rested, the counsel for the defendant moved for a nonsuit, on the grounds that the letter does not, in its terms, amount to an acceptance ; if an acceptance, it is conditional, and the plaintiff is bound to prove the terms of the condition and their fulfilment, before he is entitled to recover on it ; and, at all events, to make the defendant responsible, the terms of the engagement should have been strictly pursued, by drawing at three *and* four months, that is by drawing one bill for half the amount at *three* months, and another for the balance at *four* months. This motion was denied, his honor, the presiding judge, deciding that the letter of the defendant was an unconditional agreement to accept the bill, and therefore equivalent to an absolute acceptance on the face of it ; that the bill was drawn in compliance substantially with the letter of the defendant, which, he observed, appeared to have been written in answer to a request or proposal made by the drawer of the bill to the defendant to accept for him, at three and four months, for $2,-500 ; that the words " on the terms you propose," might well be referred to the proposal thus to accept, that is, for $2500 at three and four months ; and that the authority to draw two bills at three and four months was for Stone's benefit, and a bill at four months for the whole amount was most favorable to the defendant, and a compliance with the spirit

of the engagement. The defendant excepted, and the jury, under the charge of the judge, found a verdict for the plaintiff for $2704,03, which was now moved to be set aside.

*Walker,* for defendant. The letter does not, in its terms, amount to an acceptance. The defendant agrees to accept for the drawer on certain terms which had been proposed by him. Unless those terms were complied with, there is no responsibility. The engagement on its face was conditional, and no one could have been misled by it. Unless the terms alluded to were made known, and a compliace with them shewn, it was evident that the defendant had incurred no obligation. It therefore behoved the plaintiff in this cause to have made the necessary enquiries. (2 *Barn. & Ald.* 113. 2 *Gallison,* 239. 2 *Wheaton,* 66, *S. C.*)

The acceptance, if any, being conditional, the terms and fulfilment of them ought to have been proved by the plaintiff; the *onus probandi* laid on him. (2 *Gallison,* 239. 2 *Wheaton,* 66. 3 *Johns. R.* 397. 10 *id.* 207. 15 *id.* 6. 1 *Holt,* 178. 5 *Taunton,* 344. 3 *Campb.* 179. *Douglass,* 296.) Under the decision of the judge that the acceptance was unconditional, the defendant was not at liberty to shew it was *conditional.*

The authority given by the letter was exceeded by drawing for the *whole amount* specified at four months, instead of drawing for half at *three* and for the residue at *four* months. By extending the credit for the whole amount to the longest period, the risk of the defendant was increased.

*A. Van Vechten,* for plaintiff. The terms upon which the defendant agreed to accept a bill to be drawn by Stone could not affect the bill. They had been proposed and were satisfactory, and the defendant absolutely agreed to accept. There is nothing in the letter of the defendant shewing that any thing further was to be done by Stone, or to induce enquiry on the part of those who might become holders of the bill. (15 *Johns. R.* 6. 2 *Wheaton,* 66. 5 *East,* 514, 522. 1 *Atk.* 611. 4 *East,* 70. 3 *Burr.* 1666. *Cowp.* 571.) The credit was given for the accommodation of Stone, and because he took the longest period allowed him, the defendant

NEW-YORK, cannot complain.  The letter does not require that two
May, 1829. drafts should be made, one at three and the other at four
Parker   months.
v.
Greele.      *J. L. Viele*, in reply.  The letter contained enough to put
a party upon inquiry.  Suppose the ordinary occurrence of
an offer on the part of the drawer to transmit property for
sale on commission, the language of the letter could not
have been more explicit and direct than it was :  " I have no
objections to accepting for you on the terms you propose ;"
and if so, the defendant ought not to be held to his accept-
ance, unless a fulfilment of the terms was shewn.  Allowing
the *onus* to lie on the defendant to shew the terms, he was
precluded from doing so by the decision of the judge, that
the acceptance was unconditional.  Had he offered the
proof, it could not have been received under that decision.
Sufficient, however, appeared to shew that the defendant was
not holden.  He had agreed to accept at 3 *and* 4 months.
Time is an essential ingredient in this contract, affecting not
only the solvency of the drawer, but the convenience of the
acceptor in making the payment.  An acceptor cannot be
charged, but in the very manner in which he has agreed to
be bound.  (3 *Campb.* 179.)

     *By the Court*, SUTHERLAND, J.  A promise to accept a
bill thereafter to be drawn, specifying the amount and time
of payment, so as to leave no reasonable doubt as to the iden-
tity of the bill intended to be accepted, is, if shewn to a third
person, who, on the faith of such promise, takes the bill for
a valuable consideration, in point of law, an acceptance,
binding the person who makes the promise.  This doctrine
is discussed at large, and fully established in the following ca-
ses :  10 *Johns. R.* 213 ; 15 *id.* 6 ; 2 *Gallison*, 238 ; 2
*Wheaton*, 66 ; 3 *Burr.* 1666 ; *Cowp.* 571 ; *Douglass*, 297 ;
1 *East*, 98 ; 4 *id.* 57 ; 5 *id.* 514 ; *Miln* v. *Prest and anoth-
er*, (1 *Holt*, 181 ;) 4 *Campb.* 393, *S. C* ; 3 *Com. Law R.*
67 ; 1 *Atk.* 611 ; 2 *Barn. & Ald.* 113 ; *Chitty on Bills*, *ed.*
*of* 1821; *Phil.* 218.
     The evidence clearly shews that the letter of the defend-
ant containing the promise to accept, which is relied upon by

the plaintiff, was shewn to the Farmer's Bank at Troy, before the bill was discounted by them, and that it was discounted upon the faith of such acceptance. The cashier expresses an unequivocal opinion that the draft would not have been discounted without the letter. The letter was also shewn to the plaintiff, when he was asked to endorse the bill. His endorsement was requested upon the ground of the defendant's promise to accept, and undoubtedly was given upon that ground.

But it is contended on the part of the defendant, 1. That, admitting the letter to amount to an acceptance, it was not an absolute but a conditional acceptance upon certain terms, which are not proved to have been complied with; and 2. That the bill in question is not such a bill as the defendant promised to accept. The letter is in the following terms : "New-York, 9th Febr'y, 1827. Mr. Dan'l. H. Stone, Troy, Dear Sir : I have received 42 bundles medium as you mentioned. The imperial, I think, will sell readily. *I have no objections to accepting for you at 3 and 4 mo's. for $2500, on the terms you propose.* I hope our navigation will be free by 15th or 20th inst. Yr. ob. serv't. A. Greele." It is evident that this is a reply to a letter from Mr. Stone requesting permission to draw on the defendant for $2,-500 ; and it may fairly be inferred that the draft was in anticipation of the proceeds of the paper, which the defendant acknowledges the receipt of, and that the terms alluded to refer to the manner in which Stone had proposed to provide for the bill. The defendant was satisfied with those terms, and absolutely promised to accept the bill. The terms alluded to were no part of the bill; nor can they be considered as a qualification, limitation or condition of the acceptance. The fair construction of the letter is : the terms you propose are satisfactory to me ; I will therefore accept your draft at 3 and 4 months. But it was in the defendant's power to shew what the terms were which Stone proposed. He was in the possession of the letter containing the proposition, and was not precluded by the judge from giving that or any other matter in evidence.

The last point raised by the defendant is not free from difficulty. I am, however, inclined to think that the opinion expressed by the judge at nisi prius was correct, that a promise to accept for $2500 at 3 and 4 months authorized a draft for the whole sum at four months, the longest period named. The presumption of law is, that all bills are drawn upon funds belonging to the drawer in the hands of the drawee. (1 *T. R.* 406, 410, *Buller, J.* 3 *T. R.* 182. 2 *H. Bl.* 612. *Chitty on Bills,* 258.) The longer the bill has to run, therefore, the more advantageous to the acceptor ; and the option given to draw for a part at three months must be presumed to have been intended for the benefit of the drawer, and if he thought proper to waive that advantage, and embrace the whole amount in one bill at the longest period named, it would seem to be no violation of the spirit of the authority conferred by the drawee. It might well be contended, also, that the word *and* in the defendant's letter was intended to be used as a disjunctive rather than as a copulative conjunction, and that the engagement was to accept either at three or four months. On the whole case, therefore, I am of opinion that the decisions at nisi prius were correct, and that the motion for a new trial ought to be denied.

New trial denied.