## Case No. 1,131.

### BAYARD v. LATHY.

[2 McLean, 462.][1]

Circuit Court, D. Illinois. June Term, 1841.

NEGOTIABLE INSTRUMENTS—ACCEPTANCE—WHAT CONSTITUTES.

1. A letter written within a reasonable time before, or after, the date of a bill of exchange, describing it, and promising to accept it, is a virtual acceptance.

2. An authority to draw several bills of exchange, payable at specified periods with an assurance that the bills should be paid, is an acceptance to the person who takes the bill on the credit of such an authority.

At law.

Cowles & Krum, for plaintiff.

Mr. ———, for defendant.

OPINION OF THE COURT. This was an action of assumpsit against the defendant, as acceptor of two bills of exchange, for $1,000 each, dated Dec. 13, 1838, drawn on the defendant, in favor of plaintiff, at Pittsburg, where plaintiff resides, by one James Gonsalis. [Verdict for plaintiff.]

Issue was joined on the defendant's plea of nonassumpsit, and a jury impanneled to try the same. The plaintiff gave in evidence to the jury the following letter, written by the defendant to the said Gonsalis, the drawer of the bills in question:

"Upper Alton, Oct. 12, 1838. James Gonsalis, Esq.: Dear Sir—You are hereby authorized to draw on me for one thousand dollars, at ten days sight; for one thousand dollars, at four months; for two thousand dollars, at eight months, and for one thousand dollars, at twelve months, and your drafts shall be duly paid. Yours, &c., H. K. Lathy."

Proof was made of the hand writing of Gonsalis, the drawer of the bills, and the bills then were permitted to be read to the jury.

It was contended by the plaintiff's counsel before the jury, and the principle so laid down by the court, that a letter written within a reasonable time, before or after the date of a bill of exchange, describing it in terms not to be mistaken, and promising to accept it, is, if shown to the person who afterwards takes the bill on the credit of the letter, a virtual acceptance, binding the person who makes the promise. In the case of Mason v. Hunt, 1 Doug. 296, Lord Mansfield said: "There is no doubt but that an agreement to accept, may amount to an acceptance; and it may be couched in such words as to put a third person in a better condition than the drawer. If one man, to give credit to another, make an absolute promise to accept his bill, the drawer, or any other person, may show such promise upon the exchange, to get credit, and a third person, who should advance his money upon it, would have nothing to do with the equitable circumstances between the drawer and the acceptor."

It has been held, however, that this rule only extended to a bill in esse, at the time of making the promise. More recent decisions, made upon a careful review of all the adjudicated cases, extend the rule to a bill not in esse, at the time of making the promise to accept. McKim v. Smith, 1 Hall, Law J. 486; Payson v. Coolidge, [Case No. 10,860.] Which latter case was affirmed by the supreme court of the United States. [Coolidge v. Payson,] 2 Wheat. [15 U. S.] 66; 1 Gall. 630, [Van Reimsdyk v. Kane, Case No. 16,872;] McEvers v. Mason, 10 Johns. 207; 15 Johns. 6. In the case of Wilson v. Clements, 3 Mass. 1, it is held, "that an agreement to accept a bill when drawn, if shown to a third person within a reasonable time after the agreement was made, and he take a draft on the credit of it, such agreement is a virtual acceptance." In Pillans v. Van Mierop, 3 Burrows, 1663, it was held that "a promise to accept bills, to be drawn at a future day, was tantamount to an acceptance of them." Lord Ellenborough, in Clarke v. Cock, 4 East. 57, 70, says: "It has been laid down in so many cases, that a promise that a bill, when due, shall meet due honor, amounts to an acceptance, and that, without sending it for a formal acceptance in writing, that it would be wasting words to refer to books on the subject." An authority to draw a bill, is virtually an acceptance of the bill, drawn in conformity to it. [Sheafe v. O'Neil,] 9 Mass. 11; [Parker v. Grule,] 2 Wend. 545; [Trotter v. Grant,] Id. 414; [Ontario Bank v. Worthington,] 12 Wend. 593; Boyce v. Edwards, 4 Pet. [29 U. S.] 121; Parsons v. Armor, 3 Pet. [28 U. S.] 426; Townsley v. Sumrall, 2 Pet. [27 U. S.] 182.

The jury found a verdict for the plaintiff.