### ZEPHANIAH PLATT *v.* MORGAN L. DRAKE.

Notice to an endorser of a promissory note, that the note "has been *protested* for non-payment, and that the holders look to him for payment of the same," is not a sufficient notice of dishonor.

Such notice must contain words, directly, or by necessary construction, showing that the note has been presented for payment and payment refused.

A *protest* is a formal instrument, made by a notary public, alledging the due presentment and dishonor of a bill, and declaring that the notary protests the same for non-acceptance or non-payment, as the case may be; and the statement that a bill or note has been *protested*, refers rather to the making, by a notary, of the instrument denominated a *protest*, than to the acts which might authorize such protest to be made.

No *protest* of a promissory note is necessary.

The sufficiency, in itself, of a written notice of dishonor, is to be determined by the Court as matter of law.

CASE certified from Oakland Circuit Court. This was an action of assumpsit to recover the amount of a promissory note endorsed by the defendant. The only question presented by the facts, (which were agreed upon by the parties,) was, whether the following notice, which it was admitted correctly described the note declared upon, and was duly served upon the defendant, was, in itself, a sufficient notice of dishonor of the note :

"Pontiac, March 10, 1838.

" Take notice, that a note drawn by Cornelius Roose-
" velt, to the order of Daniel S. Mercier, for $466.62, da-
"ted Sept. 7, 1837, at six months after date, this day due,
" endorsed by said Daniel S. Mercier, and afterwards by·
" you, has been *protested* for non-payment at the request of
" the Bank of Pontiac, and the holders look to you for
" payment of the same.

" *Sherman Stevens*, Notary Public.
" *To Morgan L. Drake, Esq.*"

Platt *v.* Drake.

It was stipulated between the parties, that if the Court should be of opinion that this was a sufficient notice of dishonor, judgment should be rendered for the plaintiff,—otherwise for the defendant.

*T. Romeyn,* for the plaintiff, contended that no particular form of notice was necessary; Story on Bills, §§ 301, 390, and notes; Chit. on Bills, 466; *Ransom* v. *Mack,* 2 Hill's R. 593, and cases there cited; and that the form of the notice in the present case was sufficient. *Mills* v. *Bank of United States,* 11 Wheat. R. 431; 6 Pet. Cond. R. 377.

*H. H. Emmons,* for the defendant, contended that the notice should state in direct and unequivocal terms, that the note had been presented for payment and payment refused; *Solarte* v. *Palmer,* 7 Bing. R. 530; S. C. 1 Bing. New Cas. 194; *Hartley* v. *Case,* 4 Barn. & Cressw. 339; *Boulton* v. *Welsh,* 3 Bing. New Cas. 688; Chit. on Bills, 470, note *(s),* 466; Story on Bills, § 301;—and that the statement contained in the notice of dishonor in this case, that the note had been *protested,* was merely equivalent to a statement that a formal instrument, denominated a *protest* of the note, had been made by a notary,—an act which would have been wholly superfluous, as no protest of any other negotiable paper, except a foreign bill of exchange, is ever necessary; Chitty on Bills, 170; and that it was not necessarily inferable from such a statement, that the note had been presented for payment and payment refused.

Felch, J. delivered the opinion of the Court.

The liability of the defendant, as endorser, is a conditional liability, and it is for the plaintiff to show the performance of the conditions upon which it depends. The holder of a note undertakes to present it, at the proper time

and place for payment; to allow no extra time and grant no indulgence for payment; and to give notice without delay to the endorser, of a failure in the attempt to procure payment.    Story on Bills, § 112.    And a default in any of these respects will discharge the party in respect to whom there has been such default.

The essential requisites of a notice of dishonor are, a description of the note; that it has been presented at the proper time and place for payment; that payment could not be obtained; and that the holder looks to the party to whom notice is sent for indemnity and satisfaction.    No particular form of words is necessary, in which to convey this information to the party, but the words must be such as in direct terms, or by necessary implication, convey these several distinct ideas.    Story on Bills, §§ 301, 390.

It is urged that the notice given to the defendant does not show that the note had been presented for payment and payment refused.    The words of the notice are that it " had been *protested* for non-payment."    The word *protest* is applied to the formal instrument made by a notary public, alledging the due presentment and dishonor of a bill, and declaring that said notary does protest the same for non-payment or non-acceptance, as the case may be. This is official evidence of the fact in the case of foreign bills; but no such protest is necessary in the case of promissory notes, nor is it even evidence of the dishonor of a note.    The statement that a note has been *protested* seems to me to refer, rather to the making by a notary of the instrument denominated a protest—to the perpetuating the evidence in that form—than to the acts which might authorize it to be made.    If this be the meaning of the term protest, the notice in this case contained only a declaration that the notary had made his official protest, or solemn written declaration of the dishonor of the note.    Such protest was unnecessary, and was no evidence of the facts

Platt *v*. Drake.

necessary to charge the endorser.    A notice by a notary, that, at the request of the holder, he had made such protest, was not a notice that payment of the note had been demanded and refused, or that the note had been dishonored.    It only asserted that the notary had declared it dishonored in the form of a protest,—an instrument intended for evidence of the facts alledged in it, but in this case totally inadmissible as evidence, and unavailable to charge the endorser.

The English authorities seem almost uniformly to·have adhered to the rule that the notice must contain words, either directly, or by necessary construction, showing the demand and refusal of payment.    In *Hartley* v. *Case*, 4 Barn. & Cressw. 339, the plaintiff wrote the defendant for payment of the bill endorsed by him, and threatening legal proceedings if payment was not made.    The court held that the language used must be such as to convey notice to the party of what the bill is, and that payment of it has been refused by the acceptor.    In *Solarte* v. *Palmer*, 7 Bing. R. 530, decided in the Exchequer Chamber, the notice to the endorser, written by the plaintiff's attorneys, described the note, and stated that it had been put into their hands " with directions to take legal measures for the recovery thereof, unless immediately paid."    Lord *Tenterden* had held, at *nisi prius*, that the notice was insufficient, and on a review of this decision, it was sustained. It was contended that, by the notice, the holder had sufficiently shown that he considered the endorser liable, and looked to him for payment.    *Tindal*, C. J. delivering the opinion, said that the notice, "should at least inform the party to whom it is addressed, either in express terms, or by necessary implication, that the bill has been dishonored, and that the holder looks to him for payment of the amount."    The same case was carried to the House of Lords, and is reported in 1 Bing. N. C. 194.    It was there

urged that, as no settled form of words was necessary in a notice to an endorser, a threat to proceed at law against the endorser to collect the bill unless he paid it, necessarily implied that the bill had been dishonored. But all the judges present deemed it insufficient, and declared that such notice ought, in express terms, or by necessary implication, to convey full information that the bill had been dishonored. In *Boulton* v. *Welch*, 3 Bing. N. C. 688, the declaration was against the defendant as endorser of a promissory note. The notice described the note, and informed the endorser that, " it became due yesterday and is returned to me unpaid," and requested payment by the defendant. It was contended that a notice informing the endorser that the note became due and was returned unpaid, was sufficient to notify him of its dishonor. The Court refer to the form of a protest of a bill of exchange, and the notice stated therein, and say of its contents, that, the " two important facts are, that payment of the bill has been demanded of the acceptor, and that payment has not been obtained. In like manner in the case of a promissory note, the notice should show a presentment to the maker, and a demand of payment and refusal."

It may be considered as a settled rule, that, when there is no dispute about the facts, the sufficiency of a written notice is to be determined by the court; *Ransom* v. *Mack*, 2 Hill's R. 587 ; and in this case we have only to inquire whether the statement, that the note has been protested for non-payment, is equivalent to an allegation that the note was presented at the proper time and place, and payment not obtained. I think it is not. The information was simply that the holder had caused a notary to make his protest in the ordinary form and manner, as in the case of foreign bills—an act entirely unnecessary, and even nugatory, in the case of this note. The protesting of the note was not that which fixed the defendant's liability ;—

Platt *v.* Drake.

it was the presentation of the note, and the demand and refusal of payment; and these last should be stated in the notice, and not the former, to fix the endorser.

It is true that the protest of a notary, in the case of a foreign bill, presupposes a proper demand and refusal to pay the bill protested, and is evidence of it; but it is not sufficient to state a fact in the notice which it may be presumed would not exist without a regular demand and refusal. A notice that a certain witness would swear to due presentment and refusal, would imply the dishonor of the note, but clearly would not be a sufficient notice. So, a notice that the proper means had been taken to fix the endorser, would imply every thing necessary for that purpose, but would be insufficient. The facts which are to be proved, in order to fix the liability of the endorser, are to be stated in the notice, and not other facts from which these may be presumed to exist. The only implication which can be allowed, is an implication from the words used, and not from extraneous facts alledged in the notice. It is of little consequence what words are used, or in what order they are placed, but they must be such as assert the fact that the note was presented at the proper time and place for payment, and payment not obtained. This is not done by the words used in this notice.

We think that the notice is, therefore, insufficient, and judgment must be entered in the Circuit Court for the defendant.

Goodwin, J. being interested in the question, did not participate in the decision.

*Judgment for the defendant.*