By the Court, Parker, J.
When this case came before the court on demurrer to the declaration, on the ground that the plaintiff had not averred the tender or delivery of the deed, we decided that the agreement to pay the installment of $200 on the 1st of April, 1847, was an independent covenant, and gave judgment for the plaintiff, with leave to withdraw the demurrer, and plead on terms. The defendant has now interposed four pleas, only one of which, (the last) concludes to the country. To the first and second pleas the plaintiff has replied, and demurrers are put in to the replications. The plaintiff has also demurred to the third plea of the defendant. It is now conceded that the first and third pleas are bad under the decision previously made in this cause ; and it is only necessary for us to examine as to the sufficiency of the second plea, the replication to that plea being also admitted to be bad.
The second plea sets up that the defendant was ready and willing to accept a deed, and requested the plaintiff to execute it, which the plaintiff neglected and refused to do; and that the plaintiff did not, on the 1st of May, 1846, or at any time afterwards, execute and deliver to the defendant a good and sufficient deed, although often requested, <fcc. That the said defendant, on the 1st of April, 1846, paid the plaintiff the sum of $200, which was accepted in full satisfaction and discharge of the first installment, and that the defendant did at all times well and truly perform and keep all the other clauses, articles, conditions, covenants, &c. in the said agreement contained.
Without stopping to inquire whether this plea is bad for duplicity, I will examine it as it is claimed to be by the counsel for the defendant. He contends that the only material part of the plea is the averment that the plaintiff neglected and refused to deliver a deed on the 1st of May, 1846, and that the other averments are merely inducement to the presentation of that point. This presents the question whether the tender of the deed was a condition precedent to the payment of the second installment.
It is the fact that such deed was not tendered that the defendant rests upon for his defence; and so far as the merits of this defense are concerned, it is immaterial whether the fact be pre *339 sented by an omission in the declaration or by an affirmative allegation in the plea. The point decided on the former demurrer was that the tender of a deed was not a condition precedent, but that the promise to pay the second installment was an independent covenant; and that same question is now again presented for decision. It is unnecessary, therefore, to do more than to refer to the opinion written on the former decision, for the reasons why the plaintiff is entitled to judgment. I will briefly, however, notice some of the positions of the counsel for the defendant.
The counsel is right in his statement that Sears v. Fowler, (2 John. Rep. 272,) and Havens v. Bush, (Id. 387,) were governed by the English decision of Terry v. Duntze, (2 H. Bl. 389.) But he is wrong as to the extent to which these cases are overruled in Cunningham v. Morrell, (10 John. 207.) In the opinion of Kent, Ch. J. in the last cited case, he says, “ It becomes then our duty to limit the operation of that case, and of the two cases in this court which were founded upon it, so as better to fulfill the intention of the contract,” See. A brief reference to what was decided in these cases will show the propriety of such limitation and that it did not go so far as to reach the principle involved in the case we are considering. In Terry v. Duntze the plaintiff covenanted to finish a building by a given day, and the defendant was to pay the consideration by installments, as the building should proceed, in the proportion specified, and the remaining part of the consideration when the building should be completed. But because two several sums of money were to be paid before the whole was performed, the court held the covenants independent, and allowed the plaintiff to sustain his action for the entire consideration, without any averment of performance. So in Sears v. Fowler the plaintiff covenanted to build a house and to finish it by the 1st of Nov. 1805, in consideration of a certain sum of money, part of which the defendant agreed to pay on the 1st of May, 1805, and the residue when the house was finished. It was held that the completion of the house was not a condition precedent, but that the covenants were independent, and that the plaintiff might recover *340 the consideration money without averring performance, and though the building was not finished at the time. And in Havens v. Bush the plaintiff covenanted to do a certain piece of work for $700, in a certain time, and the defendant covenanted to pay the $700, one half in cash and the other half in goods, as the work progressed.', and the whole when the work was done. It was held the covenants were independent, and the plaintiff was allowed to recover the entire consideration money without averring performance.
It will be seen that in these cases there were no times fixed for the payment of the subsequent installments, but in all of them it was provided that the time of payment should depend on the completion of the work. The wonder is that a court should ever hold that in such a case the performance of the work was not a condition precedent to the payment. It seems to me the intention of the parties to make it such is clearly expressed.
In correcting the error into which the courts had fallen in these cases, it was manifestly the intention of the court, in Cunningham v. Morrell, not to interfere with the general rules laid down in the note to Saunders, (1 Saund. 320,) or the case of Wilcox v. Ten Eyck, decided by the same court, held by the same judges, only four years before. For Ch. J. Kent says that the fact that part of the consideration money was to be paid before the entire service was to be performed, might have made the covenants independent, though not “ if the contract in all those cases had not provided that a certain part of the consideration was to be paid on the completion of the service, and which rendered the service pro tanto a condition precedent.”
I am not aware that the case of Wilcox v. Ten Eyck has ever been questioned; and that, like this, was a case where part of the consideration was to be paid before the delivery of the deed, and the remainder at fixed times, and part of it, as in this case, after the time for the delivery of the deed. On the contrary, the principle recognized in Wilcox v. Ten Eyck has been frequently applied by the courts. (Bennett v. Ex'rs of Pixley, 7 John. 249. Goodwin v. Holbrook, 4 Wend. 377. *341 Tompkins v. Elliott, 5 Wend. 496. Dey v. Dox, 9 Id. 132. Harrington v. Higgins, 17 Id. 376. Nee afeo the cases cited in the former opinion of this court in the present case.)
In Wright v. Moore it was plain from the agreement that the second installment was not payable till a deed had been executed ; because the second and subsequent installments were to be secured by bond and mortgage, and they were to be executed on the delivery of the deed.
I think, therefore, the plaintiff is entitled to judgment on the demurrers to the replications to the first and second pleas, and on the demurrer to the third plea; and that the defendant should have leave to amend on payment of costs.