## CHARLES ARPIN *vs.* MATTHEW OWENS.

Berkshire. Sept. 8. — Oct. 23, 1885. FIELD, C. ALLEN, & GARDNER, JJ., absent.

Want of consideration between the drawer and acceptor of a foreign bill of exchange is no defence to an action against the acceptor by the payee, although he took the bill before acceptance.

W. ALLEN, J. This was an action by the payee of a foreign bill of exchange against the acceptor. The bill was dated February 23, 1884, payable in thirty days after date, and was accepted on March 1. There was evidence that the plaintiff took the bill from the drawer on the day of its date, for value, in the regular course of business. The court ruled that the burden was on the plaintiff to prove that the defendant had received a consideration for the draft; and that, if the jury should find that he received no consideration, they should find for the defendant. There was evidence of want of consideration between the drawer and the defendant, and evidence bearing upon other grounds of defence, which is not material, as the ruling presented but one question for the jury. For the purposes of the ruling, the plaintiff must be taken to be a *bona fide* purchaser of the bill for value, and without notice of want of consideration; and the question presented is, whether, in an action by the payee of a bill, who took it before acceptance, against the acceptor, want of consideration between the drawer and acceptor is a defence; in other words, whether, in such an action, the rule to be applied as to want of consideration, as a defence, is that which obtains between the maker and payee of a note, or that between the maker and indorsee. The rule is stated thus in

Byles on Bills, (6th Am. ed.) 206: " Between immediate par-
ties, — that is, between the drawer and acceptor, between the
payee and drawer, between the payee and maker of a note, be-
tween the indorsee and indorser, the only consideration is that
which moved from the plaintiff to the defendant, and the ab-
sence or failure of this is a good defence to an action. . . . .
But, between remote parties, — for example, between payee and
acceptor, between indorsee and acceptor, between indorsee and
remote indorser, two distinct considerations, at least, must come
in question: first, that which the defendant received for his lia-
bility; and, secondly, that which the plaintiff gave for his title.
An action between remote parties will not fail unless there be
absence or failure of both these considerations."

The payee of an accepted bill holds the same relation to the
acceptor that an indorsee of a note holds to the maker. There
is a very close resemblance between an accepted bill and an in-
dorsed note. The indorsed note is evidence of a debt originally
due from the maker to the payee, and assigned and made due to
the indorsee; the bill is evidence of a debt originally due from
the drawee to the drawer, assigned and made due to the payee;
and the rule that the title of the assignee cannot be impeached
by showing want of consideration for the original debt is appli-
cable equally to the indorsee of a note and to the payee and to
the indorsee of an accepted bill. The reason, applicable alike to
payee and indorsee, is tersely stated by Mr. Justice Vaughan, in
*Low* v. *Chifney*, 1 Bing. N. C. 267: " How was he to know what
had passed between the drawer and acceptor?" See *Davis* v.
*Randall*, 115 Mass. 547. It is contended by the defendant, that
the rule does not apply to the case at bar, because the acceptance
was after the bill was purchased by the payee; and that there-
fore it was not taken by him on the faith of the acceptance.
There is no ground for this distinction. It is immaterial when
an acceptance is made; it may be made at any time, and the
rights of the payee and of indorsees are the same after it is
made, whether they were acquired in anticipation of it, or sub-
sequent to it. It is held in this State, that, upon the question
whether a promise to accept made by the drawee to the drawer
is an acceptance as to other parties, the knowledge of the
promise, and presumed reliance upon it in becoming parties, is

material. *Exchange Bank* v. *Rice*, 98 Mass. 288. But where, as in the case at bar, there is an acceptance upon the bill, it makes no difference in the rights of payees or indorsees whether they become such before or after the acceptance. See *Grant* v. *Hunt*, 1 C. B. 44; *Wynne* v. *Raikes*, 5 East, 514. *Powell* v. *Monnier*, 1 Atk. 611.

The instrument is negotiable before acceptance, and the acceptance is an acknowledgment of the debt it represents, and an absolute promise to pay it to the person who is, or shall become, the holder of the bill; and to allow a want of consideration for the acceptance to defeat the right of a *bona fide* holder, whether he became such before or after the acceptance, would be contrary to the nature and purpose of bills of exchange, and to the uniform usage in regard to them.

*Exceptions sustained*

*E. H. Beer*, for the plaintiff.
*S. P. Thayer*, for the defendant.