NATIONAL PARK BANK v. SAITTA.

(Supreme Court, Appellate Division, First Department. July 8, 1908.)

1. APPEAL AND ERROR—REVIEW—HARMLESS ERROR—INSTRUCTIONS.

In an action against the acceptor of a bill of exchange, defendant alleged that the bill was presented to plaintiff for discount with bills of lading annexed for goods which were to be delivered to defendant upon acceptance, that plaintiff on the security of the bills of lading discounted the bill, that it was agreed between plaintiff and defendant that upon defendant's acceptance of the bill the bills of lading would be delivered to defendant, that the bill was accepted, and plaintiff then refused to deliver the bills of lading as agreed, so that there was no consideration for the acceptance. The court charged that if, when defendant "accepted," he demanded that plaintiff deliver to him the bill of lading accompanying the draft, and informed plaintiff that he was only accepting the draft on the understanding that the bill of lading would be delivered to him, and demanded that his acceptance be stricken from the draft unless the bills of lading should be delivered to him, and plaintiff refused to deliver the bills of lading, and refused to strike the acceptance from the draft, the jury might find that the writing of the word "Accepted" across the face of the draft, followed by defendant's signature, was not intended to be, and was not in fact, an acceptance of the draft, and might find for defendant. *Held*, that defendant could not complain of the charge, as it was more favorable than he was entitled to under his pleadings.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 4056–4058.]

2. SAME—QUESTIONS FOR JURY—WEIGHT OF EVIDENCE.

Where questions upon which the evidence was conflicting were submitted to the jury in a charge favorable to defendant, a finding against him will not be disturbed on appeal, as contrary to the evidence or against the weight thereof.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 3928–3947.]

3. BILLS AND NOTES—VALIDITY—CONSIDERATION—PRESUMPTIONS.

Under Negotiable Instruments Law, Laws 1897, p. 727, c. 612, § 50, providing that every negotiable instrument is deemed prima facie to have been issued for a valuable consideration, and every person whose signature appears thereon to have become a party thereto for value, the acceptor of a bill of exchange is presumed to have accepted it for a valuable consideration.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 7, Bills and Notes, § 1653.]

4. SAME—ACCEPTANCE—REFUSAL—DISHONOR.

Negotiable Instruments Law, Laws 1897, p. 746, c. 612, § 221, providing that the holder of a bill presenting it for acceptance may require that the acceptance be written on the bill, and if such request is refused may treat the bill as dishonored, is not confined to sight bills, but seems to be applicable to all bills of exchange; and hence, if the agent of the holder of a bill of exchange presented the bill to the drawee for acceptance, though the date of payment was fixed, and acceptance was refused, the holder could treat the bill as dishonored, and could immediately call on the other parties thereto.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 7, Bills and Notes, § 31.]

5. SAME.

Negotiable Instruments Law, Laws 1897, p. 750, c. 612, § 246, provides that a bill is dishonored by nonacceptance when it is duly presented for acceptance, and such an acceptance as is prescribed by the act is refused or cannot be obtained. Section 247 provides that where a bill is duly presented for acceptance, and is not accepted within the prescribed time, the person presenting it must treat it as dishonored for nonacceptance, or he loses his recourse against the drawer and indorsers. Section 248 provides that, when a bill is dishonored by nonacceptance, an immediate right of recourse against the drawers and indorsers accrues to the holder, and no presentment for payment is necessary. Held, that though, when a bill is made payable at a fixed time after its date, presentment for acceptance before that time is not necessary in order to charge the drawer or indorsers, it may be presented for acceptance at any time.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 7, Bills and Notes, § 1057.]

6. SAME—ACTIONS—DEFENSES—LACK OF CONSIDERATION.

In a suit between remote parties to a bill of exchange, as the payee or indorsee and the acceptor, to sustain the defense of no consideration there must have been no consideration received by defendant for his liability, and plaintiff must have given no consideration for his title.

7. SAME.

Where a person becomes a bona fide holder for value of a bill of exchange before its acceptance, his right to enforce it against a subsequent acceptor does not depend upon an additional consideration proceeding from him to the drawee, since the bill itself implies a representation by the drawer that the drawee will accept and pay according to the terms of the draft, and the drawee by accepting admits the truth of the representations, and, having obtained a suspension of the holder's remedies against the drawer and an extension of credit by his admission, he cannot controvert the fact.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 7, Bills and Notes, § 108.]

Appeal from Trial Term.

Action by the National Park Bank against Philip S. Saitta as acceptor of a bill of exchange. From a judgment for plaintiff, and an order denying a motion for a new trial, defendant appeals. Affirmed.

See 55 Misc. Rep. 93, 106 N. Y. Supp. 328.

Argued before INGRAHAM, LAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

Carl L. Thiele (Albert A. Wray, of counsel), for appellant.
Louis F. Doyle, for respondent.

CLARKE, J. The complaint alleges that on or about the 1st day of August, 1905, at the city of New York, one Mauro drew his draft

or bill of exchange, directed to the defendant, at Genoa, Italy, and thereby required the defendant to pay to the order of said Mauro 13,750 lire 60 days after the date of said bill of exchange; that thereafter, on or about the 29th day of August, 1905, the defendant accepted the said bill of exchange; that thereafter, before maturity, the said Mauro duly indorsed and delivered the same, and before maturity the said draft came into the possession of said plaintiff for value, and the plaintiff still is the owner and holder thereof; that said bill of exchange was duly presented to the defendant, payment thereof was duly demanded, but was refused, and no part has been paid. Wherefore plaintiff demands judgment for $2,581.25.

The answer alleges that on or about the 1st day of August, 1905, at the city of New York, one Mauro drew his certain bill of exchange in writing, dated on that day, directed to this defendant at Genoa, Italy, and thereby requested this defendant to pay to the order of Mauro the sum of 13,750 lire 60 days after date of said bill of exchange; that thereupon said bill of exchange was presented to the plaintiff for discount, and annexed to said bill of exchange were the documents or bills of lading for certain goods, wares, and merchandise, which were to be delivered to this defendant upon acceptance of said bill of exchange; that thereupon plaintiff took into its possession, and retained in its possession until the time hereinafter mentioned, the said bill of exchange, together with said bills of lading, and on the security of such delivery of such documents plaintiff discounted said bill of exchange and paid to said Mauro the sum of $2,641.06, which was equivalent to the amount of said draft, less interest, commissions, and charges of said plaintiff for discounting the same bill of exchange; that at said time it was agreed and understood between the plaintiff and this defendant that upon defendant's acceptance of said draft the plaintiff would deliver, or cause to be delivered, to defendant the bills of lading so delivered to the plaintiff at said time; that on or about the 22d day of August, 1905, this defendant did accept said bill of exchange and requested of the Banca Commerciale, the agent or representative of the plaintiff at Genoa, the bills of lading for said goods, wares, and merchandise; that after such acceptance of said bill said Banca Commerciale refused to deliver to this defendant said bills of lading; that the plaintiff, or its agent aforesaid, failed and refused to deliver to this defendant the documents or bills of lading for the goods, wares, and merchandise, in consideration for the delivery of which, which delivery was to be made at the time of acceptance of said bill of exchange, this defendant accepted said bill of exchange, and in consequence thereof there was an entire failure of consideration for the acceptance by this defendant of said bill of exchange, and no consideration ever passed to this defendant, either from said Mauro, the drawer of said bill of exchange, or from the plaintiff herein, who discounted said bill of exchange prior to its acceptance by this defendant as aforesaid.

It will be seen that by his pleading the defendant admits the making of the bill of exchange drawn upon him, its delivery to and discount by the plaintiff for value, its presentation to him before maturity, and acceptance by him, and that the defense set up is want of consideration

flowing to him for that acceptance. The defendant attempted to establish that at the time of the discount of the bill the plaintiff agreed that the bills of lading attached should be delivered to him upon acceptance of the bill of exchange. Testimony controverting this was introduced by the plaintiff. This question was submitted to the jury, who found in favor of the plaintiff.

The defendant also attempted to establish that he had accepted the draft in reliance upon the promise that the bills of lading would be delivered upon such acceptance, and that at the time of acceptance he informed the plaintiff's agent that he was only accepting the draft on the understanding that the bills of lading would be delivered to him. This testimony was also controverted by testimony for the plaintiff. Although the answer did not squarely present that defense, the court charged:

"That if you find that at the time the defendant wrote his acceptance across the face of the draft he demanded that the plaintiff's agent deliver to him the bill of lading accompanying the same, and that he informed the plaintiff's agent at such time that he was only accepting the draft on the understanding that such bill of lading would be delivered to him, and then and there demanded that his said acceptance be stricken from the said draft unless the said bill of lading should be delivered to him, and that the plaintiff and its agent refused to deliver the said bill of lading and refused to strike said acceptance from said draft, you may find that the writing of the word 'Accepted' across the face of said draft, followed by the signature of the defendant, was not intended to be, and was not in fact, an acceptance of said draft, and you may treat the same as if it had not been written by the defendant, and may find a verdict for the defendant."

This was a far more favorable charge than the defendant was entitled to upon his pleadings. The jury resolved this question in favor of the plaintiff. So that both of the foregoing questions, upon which the evidence was conflicting, were submitted to the jury in a charge favorable to the defendant, and, having been found against him by the jury, we cannot say that that finding was contrary to the evidence or against the weight thereof.

The final point to be considered is the defense of failure of consideration. The negotiable instruments law (chapter 612, p. 727, of the Laws of 1897) provides, in section 50:

"Every negotiable instrument is deemed prima facie to have been issued for a valuable consideration and every person whose signature appears thereon to have become a party thereto for value."

When this defendant accepted this bill, he therefore was presumed to have accepted it for a valuable consideration.

Section 221 provides:

"That the holder of a bill, presenting the same for acceptance, may require that the acceptance be written on the bill, and if such request is refused may treat the bill as dishonored."

This provision is not confined to sight bills, but seems to be applicable to all bills of exchange. Consequently, if the bank in Genoa had presented the bill to the defendant for acceptance. Although the date of payment was fixed, and the drawee had refused to accept it, the plaintiff would have been entitled to treat the bill as dishonored,

and would have acquired the immediate right to call on the other parties to the bill.

Section 246 of the act provides:

"A bill is dishonored by nonacceptance when it is duly presented for acceptance, and such an acceptance as is prescribed by this act is refused or cannot be obtained."

Section 247:

"Where a bill is duly presented for acceptance and is not accepted within the prescribed time, the person presenting it must treat the bill as dishonored by nonacceptance or he loses the right of recourse against the drawer and indorsers."

Section 248:

"When a bill is dishonored by nonacceptance, an immediate right of recourse against the drawers and indorsers accrues to the holder, and no presentment for payment is necessary."

"Although, when such a bill is made payable at a day certain at a fixed time after its date, presentment for acceptance before that time is not necessary in order to charge the drawer or indorsers, it is to the owner's interest that the bill should be so accepted, as only by accepting it does the drawee become bound to pay it, and until such acceptance the owner has for his debtor only the drawer, and the step is one which a prudent man of business, ordinarily careful of his own interests, would take for his protection."    Allen v. Suydam, 17 Wend. 368.

"A bill payable at a fixed period from its date may be presented for acceptance at any time."    Bachellor v. Priest, 12 Pick. (Mass.) 399; Oxford Bank v. Davis, 4 Cush. (Mass.) 188.

It is settled that as between remote parties to a bill of exchange, as the payee or indorsee and the acceptor, in order to sustain the defense of no consideration, two considerations at least must come in question: First, that which the defendant received for his liability; and, secondly, that which the plaintiff gave for his title.

"An action between remote parties will not fail unless there be absence or failure of both of these considerations. It is immaterial when an acceptance is made. It may be made at any time, and the rights of payees and the indorsees are the same after it is made, whether they were acquired in anticipation of it or subsequent to it. Where, as in the case at bar, there is an acceptance upon the bill, it makes no difference in the rights of the payees or indorsees whether they became so before or after the acceptance. The instrument is negotiable before acceptance, and the acceptance is an acknowledgment of the debt it represents and absolute promise to pay it to the person who is or shall become the holder of the bill; and to allow a want of consideration for the acceptance to defeat the right of a bona fide holder, whether he became such before or after the acceptance, would be contrary to the nature and purpose of bills of exchange and to the uniform usage in regard to them."    Arpin v. Ownes, 140 Mass. 144, 3 N. E. 25; Daniel on Negotiable Instruments (5th Ed.) 174a.

In Heuertematte et al. v. Morris, 101 N. Y. 63, 4 N. E. 1, 54 Am. Rep. 657, the action was brought upon defendant's acceptance upon a bill of exchange drawn upon him at 90 days. Defendant offered to show that the acceptance was made without consideration and was induced by fraudulent representations on the part of the drawer. This was objected to and excluded. Ruger, C. J., said:

"If a party becomes a bona fide holder for value of a bill before its acceptance, it is not essential to his right to enforce it against a subsequent acceptor

that an additional consideration should proceed from him to the drawee. The bill itself implies a representation by the drawer that the drawee is already in receipt of funds to pay, and his contract is that the drawee shall accept and pay according to the terms of the draft. * * * By such acceptance the drawee admits the truth of the representation, and, having obtained a suspension of the holder's remedies against the drawer and an extension of credit by his admission, is not afterward at liberty to controvert the fact as against a bona fide holder for value of the bill. The payment to the drawer of the purchase price furnishes a good consideration for the acceptance, which he then undertakes shall be made, and its subsequent performance by the drawee is only the fulfillment of the contract which the drawer represents he is authorized by the drawee to make. The rule that it is not competent for an acceptor to allege as a defense to an action on a bill that it was done without consideration or for accommodation, as against a bona fide holder for value of such paper, flows logically from the conclusive force given to his admission of funds and is elementary."

As it is conceded that the plaintiff was the bona fide holder for value of the bill in question, the foregoing statutory provisions and authorities conclusively establish that the defendant failed in his defense of want of consideration flowing to him for his acceptance.

As we have discovered no error in this record which requires interference with the judgment, the judgment and order appealed from should be affirmed, with costs to the respondent. All concur.